UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

HAROLD GAMBY,
BERYLLIN GAMBY

      Plaintiffs

  -vs-

                             Case No. 06-11020
                             Hon. Marianee O. Battani
                             **JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES, LLC
*et al*.

      Defendants

## **MOTION FOR PROTECTIVE ORDER COVERING PLAINTIFF'S CONSUMER REPORTS**
## **& PRIVATE FINANCIAL INFORMATION**

      The Plaintiffs, Mr. Gamby and Mrs. Gamby bring this motion for a protective order under Rule 26 seeking protection of consumer reports and other private financial and identifying information.  Plaintiffs request that the Court enter the attached protective order.

      I certify that I have made reasonable attempts to secure the requested relief without the Court's intervention.

                        Respectfully Submitted,

                        LYNGKLIP & TAUB
                        CONSUMER LAW GROUP, PLC

                        By:    S/ Ian B. Lyngklip
                        Ian B. Lyngklip P47173
                        Attorney For Plaintiffs
                        24500 Northwestern Highway, Ste. 206
                        Southfield, MI 48075
                        (248) 746-3790
                        IanLaw@Pop.Net

Dated: October 25, 2006

## BRIEF IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER COVERING PLAINTIFF'S CONSUMER REPORTS
## & PRIVATE FINANCIAL INFORMATION

### Issue Presented by Motion

*Federal law protects the private financial information consumers which have been assembled into consumer reports. These reports contain the intimate details of a consumer's financial life. Defendant has requested that the Plaintiff turn over all consumer reports in her possession. Should Plaintiff be required to turn over these reports without limitation?*

### Principal Authorities Relied Upon

15 U.S.C. § 1681b

FRCP Rule 26(c)

*Bakker v. McKinnon*, 152 F.3d 1007 (8th Cir. 1998)

*Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998)

*In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003)

### Nature of the Case

This case arises out of the continued reporting of false and damaging credit information on Mr. Gamby's and Mrs. Gamby's consumer report. At issue is why this information was maintained on their consumer reports in spite of actual knowledge that the information was inaccurate and actual notice that it was continuing to do so. While the parties continue to attempt to narrow the issues for trial, the parties will undoubtedly require access to information contained within plaintiff's consumer report and other private financial information relating to the Gambys' creditworthiness.

While the parties may require this information to prepare their case, the use of this

information is limited by both case law and statute. As such, plaintiff requests that the Court permit the defendants to have access to this information which might otherwise be unavailable and impose modest limitations on the use of these materials.

### Procedural Facts

At the outset of this matter, the Gambas anticipated that they would be asked to produce copies of his consumer reports. Accordingly, at the Rule 26(f) conference of counsel, Plaintiffs' counsel proposed a blanket protective order under which he would be able to produce their consumer reports without fear that these highly sensitive documents and financial information would be abused or misused.

Ultimately, Defendant requested the reports and Plaintiff objected based on the protections for the report contained within 15 U.S.C. § 1681b and continued to attempt to work out a protective order. Those efforts at obtaining a stipulated protective order covering the Gambys's materials has failed, and no order could be settled by the parties.

While the reports are undisputably relevant and discoverable, they are likewise undisputably protected from disclosure by statute. It appears that there is no means by which this dispute can be resolved at this point, and Plaintiffs move for entry of a protective order which limits the use of the these federally-protected documents, but permits their use in this case.

Mr. and Mrs. Gamby have attempted in good faith to resolve this issue to no avail.

### Law & Argument

1. **Consumer Reports are statutorily protected and therefore properly require protection from open discovery.**

Since the 1970's, Congress has recognized that consumer reports contain the most highly sensitive details of a consumer's financial life. These reports can reveal financial information, as well as descriptions of the consumer's private shopping habits. The potential for misuse of these

reports has now fully blossomed with the phenomenon of *identity theft*, which effected no less than 10 Million people last year.  With potentially catastrophic consequence for misuse at stake, Congress enacted the privacy provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b to protect consumers from improper use of these reports.  Information is power, as any good attorney knows. "Those who hunger for information often need look no further than to a person's consumer report--which summarizes, among other things, credit history and credit worthiness. Given the value of this data, and the rise of the credit reporting industry, it is not surprising that Congress passed the Fair Credit Reporting Act (FCRA) to regulate consumer reporting agencies and the users of consumer reports." *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998) (citing, *Hovater v. Equifax, Inc.*, 823 F.2d 413, 416-17 (11th Cir.1987).

Accordingly, Congress has limited the use of these reports largely to those situations in which a consumer has initiated a financial transaction with the defendant.  More importantly, Congress has expressly refused to allow litigants to have access to and use of these reports without an order of the Court:

> § 1681b. Permissible purposes of consumer reports
> (a) In general.--Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
> * * *
> (f) Certain use or obtaining of information prohibited.--A person shall not use or obtain a consumer report for any purpose unless--
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b.  Controlling authority under this provision holds that attorneys do not acquire any permissible purpose to access or use consumer reports, simply because they may be relevant to

the matter at hand.

> While a lawsuit occasionally may give rise to a "legitimate business need" for a consumer report, see *Spence v. TRW, Inc.*, 92 F.3d 380 (6th Cir.1996), trial preparation generally does not fall within the scope of § 1681b. See *Mone*, 945 F.2d at 308; *Houghton*, 795 F.2d at 1149; see also *Allen v. Calvo* 832 F.Supp. 301, 303 (D.Or.1993) (finding that § 1681b does not permit a party to obtain a consumer report in connection with a criminal investigation and prosecution). *428 In the limited instances where courts have allowed parties to obtain consumer reports pursuant to § 1681b(3)(E) for use in litigation, the legal dispute typically has related to the collection of a debt owed by the consumer.
>
>                               * * *
>
>  And while the Duncans listed the principal and interest paid on the mortgage as damages stemming from the alleged negligence, the loan itself was not the subject of the lawsuit. Indeed, the Duncans have continued to make their payments and have not sought to rescind the loan. Given these circumstances, we cannot deem preparation for a negligence suit "a legitimate business need ... in connection with a business transaction." See § 1681b(3)(E) (emphasis added).

*Duncan*, id at 427-428. (notes omitted). Similarly, the 8th Circuit has refused to allow carte blanche access to a consumer's credit report based simply on the desire to use the reports in litigation:

> We also reject appellant's argument that, as an attorney representing clients in litigation, she had a business need to obtain credit reports on the opposing parties. See *Duncan v. Handmaker*, 149 F.3d at 426-28; cf. *Mone v. Dranow*, 945 F.2d at 308 (employer's obtaining credit report for purpose of determining whether employee would be able to satisfy judgment was not for lawful purpose).

*Bakker v. McKinnon*, 152 F.3d 1007 (8th Cir. 1998). As such, the consumer reports requested by the Defendant in this case, are protected under federal law and no permissible purpose exists at this time for the Defendant to obtain or use the consumer report. Such a permissible purpose would exist should the court permit Defendant to obtain the report.

At the same time, a plaintiff's financial information is presumptively private, *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003), and Federal Rule 26(c) permits parties to obtain a protective order limiting the uses to which discovery materials may be put when those materials are within the scope of discovery. This rule allows the court to exercise its discretion in insuring that private materials are not misused to cause undue burden, embarrassment or annoyance:

(c) Protective Orders.  Upon motion by a party or by the person form who discovery is sought, accompanied by a certification that the movant has in good faith conferred or to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

* * *

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

FRCP Rule 26(c).  Under this rule, the Court enjoys broad discretion to fashion a protective order which will permit the parties to advance the litigation, but, at the same time, insure that the privacy of the litigants is protected.

2.  **Tax returns and other personal financial data is presumptively private and therefore properly not subject to open discovery**.

In addition to the credit reports sought, Defendants have requested a panoply of private financial information regarding Mr. Gamby.  They will likely request additional information as the case progresses.  This information and tax information is likewise confidential:

Income tax returns are confidential communications between a taxpayer and the government. They are so by force of statute. Title 26 U.S.C. §§ 6103 and 7213(a) provide for confidentiality of returns while in the hands of the government and provide for criminal penalties for unauthorized disclosure.

* * *

However, it is the opinion of this court that the statutes cited reflect a valid public policy against disclosure of income tax returns. This policy is grounded in the interest of the government in full disclosure of all the taxpayer's income which thereby maximizes revenue. To indiscriminately compel a taxpayer to disclose this information merely because he has become a party to a lawsuit would undermine this policy.

In addition to the cases cited to this court by plaintiff, there is a line of cases which gives weight to the policy underlying the statute. See *O'Connell et al. v. Olsen & Ugelstadt* et al., 10 F.R.D. 142 (D.C.1949); *Austin et ux. v. Aluminum Co. of America*, 15 F.R.D. 190 (D.C.1954); *Kingsley v. Delaware, Lackawanna & Western R. Co.*, 20 F.R.D. 156 (D.C.1957); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556 (D.C.1964). Although many district courts have addressed themselves to this issue there is a paucity of opinions directly in point from Courts of Appeals and the Supreme Court. After a complete review of the cases it is the opinion of this court

> that the case of *Kingsley v. Delaware, Lackawanna & Western R. Co.*, supra, represents the best view. In that case the court carefully reviewed the authorities and came to the conclusion that the tax returns were subject to discovery only 'where a litigant himself tenders an issue as to the amount of his income'.

*Federal Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D.Ill. 1972).  Likewise, public policy militates against public disclosure of these documents if the tax system is to function properly.  *Premium Service Corporation v. Sperry & Hutchinson Company*, 511 F.2d. 225 (9th Cir. 1975).  See also, *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985); *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561, 563 (N.D.Ill.1976).

Under this body of case law, the Gambys' financial information and tax information are not generally discoverable, and should certainly not be made public.  As such a protective order limiting the use of this material is appropriate.

### **Personal Identifiers**

By local court rule, this Court has directed parties to refrain from filing personal identifiers which might be used to violate the privacy of individuals or steal their identity.  To this end the local rule directs that parties should not file

* Street addresses of individuals.
* Social Security numbers
* Birth dates
* Maiden names of mothers.
* account numbers.

While the court rules provides that these personal identifiers should not be filed in the record, the redaction of transcripts which may be filed can be both time consuming and costly for the parties.  At the same time, the redactions of this information during the inttial preparation of transcripts can be accomplished at nominal cost.  As such, the plaintiff requests that the court direct that any transcripts that are to be prepared in this case, be prepared in such a manner as to be redacted and ready-file.  This would be accomplished by directing that any transcripts prepared have any personal

identifiers replaced by an alpha-numeric mask which can be read with a corresponding index which could be filed separately under seal.

This limitation on the discovery process will likely reduce the cost to the parties and result in modest limitations which track the local rule.

## **Protective Order Requested**

In this case, the documents in question are relevant to the case, and Plaintiffs only seek limited protection for the documents in question.  Namely, Plaintiffs request that the Court

* Limit the Defendant's use of the documents to the litigation of this case;
* Direct that Defendant may not provide the documents to anyone other than witnesses, its attorneys, and those persons hired to assist in the litigation.
* That the Defendant be required to return the documents in questions, except those copies which are made part of the public record on dispositive motions or at trial.
* That for any filings or motions not related to a dispositive phase of this case, that those filings be made under seal.

This protections will insure that the Plaintiffs' private financial information and the confidential materials contained within the consumer report will not be misused or treated carelessly, and used only in a manner that is consistent with the limited uses envisioned by Congress when it passed the FCRA.

These restrictions are reasonable under the circumstances and present no discernable burden to the defendants.  Plaintiffs only requests that their consumer reports and financial information not be misused as a result of his desire to vindicate his rights under the FCRA.  While it appears that there is no real reason to oppose these modest limitations, Defendant has simply refused to cooperate and would instead demand unfettered access to these highly sensitive, federally-protected documents.

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:   S/ Ian B. Lyngklip
Ian B. Lyngklip P47173
Attorney For Harold Gamby
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
IanLaw@Pop.Net

Dated: October 25, 2006

**Certificate of Service**

I hereby certify that on October 25, 2006, I electronically filed the foregoing paper with the Clerk of the Court and served this document on the following parties:

| Party | Manner Served |
|---|---|
| Kevin Breck<br>Clark Hill<br>500 Woodward Ave., Ste. 3500<br>Detroit, MI  48226 | US Mail |
| Meggan Rawlin Jones Day<br>Attorney For Experian Information Solutions, Incorporated<br>901 Lakeside Ave.<br>Cleveland, OH  44114<br>PH: (216) 586-3939 FAX: (216) 586-3939 | US Mail |
| Christopher Lane (P-45301)Attorney For Trans Union, L.L.C.<br>10 W. Market Street, Ste. 3000<br>Indianapolis, IN  46204<br>PH: (317) 363-2400 FAX: (317) 363-2400 | US Mail |
| Timothy Baxter<br>Timothy E. Baxter & Associates<br>Attorney for First National Bank of Omaha<br>33533 W. Twelve Mile Rd., Ste. 370<br>Farmington Hills, MI  48333<br>PH: (248) 553-1155 FAX (248) 553-0055 | Electronically via the ECF System |
| Jeffrey Turner<br>Surdyk, Dowd & Turner, Co., LPA | US Mail |

Attorney for Boulder Credit Services, Incorporated
Kettering Tower 1610, 40 N. Main St.
Dayton, OH  45423
PH: (937) 222-2333 FAX (937) 222-1970

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:      S/ Ian B. Lyngklip
Ian B. Lyngklip P47173
Attorney For Harold Gamby
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
IanLaw@Pop.Net

Dated: October 25, 2006