UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY,
BERYLLIN GAMBY,

        Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 06-11020

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

      This matter is before the magistrate judge on Plaintiffs' Third Motion to Compel Depositions and Enforce Compliance with Document Production Requests (Docket #79) and on Plaintiffs' Motion for Discovery Sanctions (Docket #87). The first motion was argued on July 31, 2008 and taken under advisement. The second motion was argued on August 21, 2008. Having reviewed both motions, and Defendants' Responses, and having heard the arguments of counsel, I find that both motions are meritorious and that relief should be granted.

      Plaintiffs have asserted claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Discovery in a typical FCRA case centers largely on documents and evidence relating to policies and procedures employed in the handling of accounts. Once basic documents are identified and produced, depositions normally focus upon authenticating the written records and examining the formulation and implementation of credit reporting policies and procedures. Plaintiffs commenced discovery regarding their claims against First National Bank of Omaha ("FNBO") with written interrogatories and

requests for production of documents served in October 2006. Defendant filed written responses, many of which contain objections to the form and/or content of the particular request. Those responses are not at issue. Rather, Plaintiffs' Motion for Sanctions relates to numerous discovery responses as to which Defendant asserted no objection. As to those written responses, and subsequent deposition testimony based upon, or relating to them, Plaintiffs assert that FNBO and its attorneys have: (a) purposefully withheld information; (b) intentionally misdirected the court and Plaintiffs' counsel; (c) delayed in disclosing key evidence; and (d) failed to comply with this court's Orders. Plaintiffs further maintain that Defendant and its counsel have failed to make reasonable inquiry into the matters addressed in discovery, and that they have otherwise attempted to frustrate their discovery efforts. Having reviewed the motions and exhibits, and having heard the arguments of counsel, I agree.

Defendant's responses to Plaintiffs' written Interrogatories and documents requests were incomplete and misleading, so as to: (a) omit the identities of material witnesses; (b) withhold relevant documents; and (c) conceal the existence and/or location of relevant data sources. As a direct result of Defendant's failure to produce complete and accurate written responses, Plaintiffs' efforts to conduct meaningful depositions have been seriously undermined. The existence of witnesses and documentary evidence not revealed in responses to written discovery requests was discovered in a piecemeal fashion, necessitating additional expenditure of time, effort and money by Plaintiffs. Not only do I find that Defendant failed to make reasonable inquiry to insure that all responsive information was produced in a timely and accurate fashion, I find as well that counsel for Defendant interposed improper and obstructive objections during subsequent depositions;

failed to produce documents in his possession in a timely manner, despite their clear relevance, so as to diminish Plaintiffs opportunity to employ those documents in their discovery efforts; and misled the court as to the reason for the late production of documents and witness identities to which Plaintiff was clearly entitled.

I find that Defendant failed to supplement its incomplete and misleading discovery disclosures even after their inadequacy was exposed. Defendant further failed to identify and prepare a witness for deposition pursuant to Fed.R.Civ.P. 30(b)(6). Plaintiff filed two earlier Motions to Compel Discovery, addressing some of the matters described above. In reliance upon the assumed good faith of Defendant, and of defense counsel, the court granted only partial relief. Unfortunately, I now conclude that my reliance was misplaced. As a result primarily of the repeated failure of Defendant and defense counsel to cooperate in discovery, Plaintiffs have been delayed, and perhaps irrevocably hindered, in their efforts to obtain relevant and material information for their use in this action. I conclude that Defendant has been grossly negligent, if not wilful, in failing to meet its discovery obligations, and that sanctions are warranted.

Defendant attempts to minimize the significance of its wholly inadequate discovery performance by arguing: (1) that it has a strong case on the merits; (2) that Plaintiffs had access to relevant information from other sources; and (3) that the true purpose of the instant motions is to prejudice Defendant in the eyes of the court. None of those arguments is persuasive. Common sense would dictate that a party with a strong case on the merits would wish to demonstrate that fact by prompt and complete discovery compliance, so as to not delay ultimate victory on dispositive motions or at trial. The possibility that Plaintiffs could obtain relevant evidence from alternative sources is no

justification for the failure of an opposing party to produce any and all requested relevant evidence in its possession.  Finally, no effort by Plaintiffs to prejudice the Defendant in the eyes of the court could be successful in the absence of evidence demonstrating improper conduct.  Such evidence exists in abundance in this case.

Plaintiffs have accurately cited the four factors which a court must consider in determining the appropriateness of dismissal or default as a consequence of discovery abuses.

> (1) whether the parties failure to cooperate in discovery is due to wilfulness, bad faith or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered.

Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988).  In this case, I find that the arguments stated in the Brief in Support of Plaintiffs' Motion for Discovery Sanctions are valid, and that the factual bases asserted have been established.  I further find that Plaintiffs have been prejudiced by Defendant's wilful and/or negligent failure to produce discovery in a timely and complete fashion.  In two earlier Motions to Compel, this court has imposed modest burdens upon Defendant in an effort to permit the prompt and efficient completion of Plaintiffs' discovery.  The within Order constitutes yet another attempt to adjust this discovery dispute in a fashion that will permit a fair trial on the merits. Only the fourth factor identified in Regional Refuse is not satisfied. Prior to the instant Motion for Sanctions, and based substantially upon the representations

of defense counsel which now appear to have been unsupportable in fact, the court did not warn Defendant of the potential for default judgment as a consequence of its continued recalcitrance. But for the lack of such warning, I would recommend judgment by default for Plaintiff at this juncture. I view the conduct of Defendant and its attorney as a calculated effort to obstruct and frustrate Plaintiffs' legitimate right to discovery. It is the intent of this Order to admonish Defendant in a clear and unmistakable fashion that its continued obstruction of discovery may result in a default judgment for Plaintiffs.

IT IS THEREFORE ORDERED that, within 21 days of the date of this Order, Defendant shall:

1.  Review every response to Plaintiffs' previous written discovery requests of October 2006;

2.  Provide full, accurate and complete supplemental responses to each item which is incomplete or inaccurate as presently formulated;

3.  Provide, for each request as to which no supplemental data is produced, a declaration under oath describing the measures taken to confirm the accuracy and completeness of the original response;

4.  Produce all documents responsive to Plaintiffs' requests in their entirety.

All objections not specifically raised in Defendant's original responses are deemed waived.

IT IS FURTHER ORDERED that discovery shall be reopened, for <u>Plaintiffs only</u>, for a period of 120 days from the date of this Order. All motions relating to discovery must be filed prior to the expiration of the 120 day discovery period.

IT IS FURTHER ORDERED that Plaintiffs shall provide to the court, and to counsel for Defendant, an accounting of time and expenses relating to discovery undertaken to date. Counsel for Plaintiffs shall further serve upon the court and defense counsel an estimate of the portion of fees and costs incurred as a direct consequence of Defendant's obstructive conduct, together with a statement of facts supporting that estimate. Defendant may serve a response brief within 10 days of Plaintiffs' submission, and Plaintiffs may file a Reply within 5 days thereafter. The court will assess a portion of Plaintiffs' reasonable attorney fees and costs against Defendant and its counsel, in equal parts, as a sanction for their failure to meaningfully participate in discovery.

Defendant is hereby placed on notice that any significant violation of its obligation to respond in discovery from this point forward will result in a report and recommendation to the district court judge that Defendant's Answer be stricken and that default judgment be rendered in favor of the Plaintiffs on the issue of liability.

                                                            s/Donald A. Scheer
                                                            DONALD A. SCHEER
                                                            UNITED STATES MAGISTRATE JUDGE

DATED: September 5, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify on September 5, 2008, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this notice was mailed to the following non-registered ECF participants on September 5, 2008**:**

                s/Terri L. Hackman
                Secretary