UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

        Plaintiffs,

CASE NO. 06-11020

v.

HON. MARIANNE O. BATTANI

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

        Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION
MOTION TO INTERVENE AS PLAINTIFFS UNDER RULE 24(a)(2), 24(b)**

    Nathan Fraser, Chelsea Dawn Gerlach, and Jonathan Lee Riches move to intervene in this action. Defendant First National Bank of Omaha objects. The Court has reviewed all the pleadings and finds oral argument will not aid in the resolution of this dispute. See E.D. Mich. LR 7.1(e)(2).

    Plaintiffs Beryllin Gamby and Harold Gamby filed this action asserting that Defendant First National Bank of Omaha ("FNBO") violated the Fair Debt Collection Procedures Act (FDCPA), 15 U.S.C. § 1618 et seq. According to the proposed intervenors, they can provide newly discovered evidence against Defendant Equifax Information Services LLC, which was dismissed pursuant to stipulation on March 7, 2008. See Doc. No. 58.

    In this case, the request to intervene does not comport with the procedural requirements. Defendant FBNO correctly points out that Rule 24(c) requires a motion to intervene to "state the grounds for intervention" and to include a pleading that sets forth

"the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Here, the proposed intervenors have not done so. The one paragraph motion itself makes it clear to this Court that there is no claim or defense; the proposed interveners merely claim they have relevant information. Consequently, even under the lenient approach to the requirements taken by the Sixth Circuit, there is no basis for the Court to find the standards for intervention are met. See Provident Baptist Church v. Hillandale Committee, Ltd., 425 F.3d 309, 313 (6th Cir. 2005).

Specifically, under the Federal Rules of Civil Procedure, a nonparty may intervene in an action as of right. FED. R. CIV. P. 24(a). Courts use four criteria to assess such requests. A nonparty must show timeliness of the application to intervene, a substantial legal interest in the case, impairment of his ability to protect his interest in the absence of intervention, and inadequate representation of that interest by the parties to the litigation. Michigan State AFL-CIO v. Miller, 103 F. 3d 1240, 1245 (6th Cir. 1997) (citation omitted).

The basis advanced for intervention is that Riches is a computer hacker who discovered that Equifax was mishandling customers' credit reports. The request is untimely. Equifax was dismissed over nine months before the request was made. Moreover, the pleading does not advance any interest of the nonparties. In sum, there is no basis for allowing intervention as of right under Rule 24(a).

Nor has the standard governing permissive intervention been met. Under FED. R. CIV. P. 24(b)(1)(B), a court may permit anyone to intervene who has a conditional right under a federal statute or who has a claim or defense involving a common question of law or fact. Again the Court finds the standard is not met. No federal statute has been cited and there is no claim or defense specified in the motion.

Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

                                     s/Marianne O. Battani  
                                     MARIANNE O. BATTANI  
                                     UNITED STATES DISTRICT JUDGE

Date: April 8, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record and proposed intervenors on this date.

                                     s/Bernadette M. Thebolt  
                                     Case Managers