UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

        Plaintiffs,

v.

FIRST NATIONAL BANK OF OMAHA,

        Defendant.
_____/

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

### ORDER DENYING DEFENDANT FIRST NATIONAL BANK OF OMAHA'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF DECEMBER 4, 2008

On September 5, 2008, Magistrate Judge Donald A. Scheer entered an order that granted Plaintiffs, Harold and Beryllin Gamby's motion to compel depositions and enforce compliance with discovery requests. The Magistrate Judge also granted Plaintiffs' request for discovery sanctions. See Doc. No. 126. On December 4, 2008, the Magistrate Judge entered an order supplementing the September 5, 2008, Order. See Doc. No. 152. In the supplemental order, the Magistrate Judge clarified that Defendant should produce three categories of documents: performance evaluations of employees who participated in investigating Plaintiffs' credit disputes; subscriber agreements with each credit bureau to which Defendant reports credit data; and agreements with E-OSCAR.

Now before the Court is Defendant's objection to the Order. The Court has reviewed all the pleadings as well as the Magistrate Judge's Order and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2).

**I. BACKGROUND**

Plaintiffs claim that Defendant First National Bank of Omaha (FNBO) violated the Fair

Debt Collection Procedures Act (FDCPA), 15 U.S.C. § 1618 et seq. At the outset of this litigation, they sought discovery from FNBO through interrogatories and requests for production of documents, which were served in October 2006. Defendant objected to several requests for production of documents in February 2007, and Plaintiffs did not file a motion to compel their discovery.

In July 2008, after discovery had closed, Plaintiffs filed their motion to compel depositions and enforce compliance with their discovery requests, which was resolved by the September 5, 2008, Order. Because the parties disputed whether the Order required Defendant to produce the documents at issue, Plaintiffs filed a Motion to Compel and for Sanctions.

When the Magistrate Judge reviewed his prior order, he found it unclear as to the relief he intended. Specifically, he found the documents requested should be provided by Defendant.

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's nondispositive discovery orders. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is "clearly erroneous" or "contrary to law." Id. The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. See Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). Instead, the standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948).

## III. ANALYSIS

FNBO contends that the supplement order which clarified the categories of documents it must produce is clearly erroneous and contrary to law. The Court disagrees. To the contrary, the Court agrees with the Magistrate Judge that Defendant must produce the performance evaluations of the employees who participated in investigating Plaintiffs' credit disputes; subscriber agreements with each of the credit bureaus to which FNBO reports data, and its agreements with E-OSCAR.

The gist of Defendant's objection is that Plaintiffs waited too long to file a motion to compel these documents. It objected to production of the same documents on February 13, 2007. Because Plaintiffs never challenged these objections until discovery had closed, they waived their right to pursue the documents.

In rejecting this argument, Magistrate Judge Scheer acknowledged that it was not necessary for Defendant to file an objection to a specific document when it had objected to a general request asking for the same thing. See Tr. of November 20, 2008, hearing at 39. Rather, the Magistrate Judge overruled the objections because the documents were appropriately requested. Id. at 40. In sum, he concluded that to the extent the objections were reasserted, they were not proper, and that Plaintiffs were entitled to materials relevant to their case. Id. at 42.

In light of the facts of this case, the Court finds Defendant's argument lacking in merit. A court has broad discretion over discovery matters. Trepel v. Roadway Express, Inc., 194 F.3d 708 (6th Cir. 1999). The Federal Rules of Civil Procedure are in place to facilitate discovery of all relevant evidence. Rule 26 authorizes a broad scope of discovery, provided the material sought has some probative value in proving or disproving a claim or defense. FED. R. CIV. P. 26(b)(1).

Moreover, in deciding discovery disputes, a magistrate judge is entitled to broad

discretion, which will be overruled only if abused.  In this case, Magistrate Judge Scheer has been deeply involved in the contentious discovery matters that have developed repeatedly in the case for the past year.  The Court recognizes that there are only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery.  The fact that Plaintiffs did not seek to compel discovery over Defendant's initial objection does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition or an impermissible request for production of documents at a later time.  Accordingly, the Magistrate Judge, who has intimate knowledge about the facts and issues in this lawsuit, did not abuse his discretion in holding that the requested information must be made available to Plaintiffs.

## IV.  CONCLUSION

Because Defendant's objections lack merit, they are **DENIED.**

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

Date:  April 8, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                      s/Bernadette M. Thebolt
                                      Case Manager