UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

BERYLLIN GAMBY and HAROLD GAMBY,

Plaintiffs,

-vs-

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION, LLC; FIRST NATIONAL BANK OF OMAHA; GEMB/WALMART; BOULDER CREDIT SERVICES, INC.,

Defendants.

Case No. 2:06-cv-11020
Hon. Marianne O. Battani
Magistrate Donald A. Scheer

**DEFENDANT FIRST NATIONAL BANK OF OMAHA'S EMERGENCY MOTION TO QUASH DEPOSITION NOTICE SCHEDULED FOR MAY 28, 2009 AND FOR SANCTIONS**

NOW COMES Defendant, FIRST NATIONAL BANK OF OMAHA, by and through its attorneys, TIMOTHY E. BAXTER & ASSOCIATES, P.C., and for its Emergency Motion to Quash Plaintiffs' Deposition Notice, states as follows:

1. Magistrate Scheer granted Plaintiffs a unilateral discovery extension to conduct a 30(b)(6) deposition of FNBO within 30 days of the disposition on the Report and Recommendation. Docket 214.

2. Plaintiffs' deadline to complete the depositions is May 30, 2009.

3. The Honorable Marianne O. Battani allowed Plaintiffs to conduct the 30(b)(6) deposition within the same deadline, but required Plaintiffs to condense their 30(b)(6) deposition notice, which was 100 topics, to 25 topics.

4. In an attempt to adequately prepare and comply with any deposition notice, FNBO's

counsel in Michigan and Nebraska have repeatedly requested that Plaintiffs' counsel provide FNBO with the revised deposition notice with reasonable advance notice. See Exhibits A, B, C and D which are attached to FNBO's accompanying Brief.

5. Plaintiffs' counsel refused to acknowledge or respond to any such requests.

6. FNBO also provided Plaintiffs' counsel with possible dates of availability and names of potential witnesses. See Exhibit D to FNBO's accompanying Brief.

6. Plaintiffs' counsel waited to the eleventh hour to provide FNBO with the 30(b)(6) deposition notice. See Exhibit E to FNBO's accompanying Brief.

7. In fact, Plaintiffs' counsel certifies that he mailed the notice out to FNBO's counsel on May 21, 2009.

8. As of May 26, 2009 morning, FNBO's counsel had not received the first class mail containing the deposition notice.

9. After learning via email on May 26, 2009, that Plaintiffs' counsel had recently mailed the deposition notice, FNBO's counsel requested to see a copy of the notice via email or facsimile.

10. On Tuesday, May 26, 2009, FNBO saw for the first time a deposition notice that attempted to take a deposition on Tuesday, May 26, 2009 and Thursday, May 28, 2009.

11. The deposition notice contained mostly new topics that were not contained in the previous deposition notices that was the subject of the motion to compel, which resulted in the unilateral discovery extension.

12. Further problematic is the fact that one of the witnesses that FNBO designated based

on the previous deposition notice last day of availability was Tuesday, May 26, 2009, which Plaintiffs' counsel was aware of.

13. Also problematic is the fact that the new deposition notice contains mainly new topics, which a forty-eight hour notice is not reasonable under the rules of discovery.

14. Plaintiffs' counsel has neglected FNBO's attempts to ensure compliance with these depositions and now attempts to sandbag FNBO with a deposition notice on new areas of inquiry 48 hours in advance and after one of FNBO's designated 30(b)(6) witnesses is now unavailable.

15. FNBO also requests that this Court sanction Plaintiffs' counsel for refusing to in good faith cooperate in discovery for reasonable attorney fees in making this motion and accompanying brief.

Respectfully submitted,

TIMOTHY E. BAXTER & ASSOCIATES, P.C.

S/Timothy E. Baxter

By: Timothy E. Baxter P28045
Attorney for Defendant First National Bank of Omaha
P.O. Box 2669
Farmington Hills, MI 48331
(248) 553-1155
tbaxter@baxlaw.com

Dated: May 26, 2009

**UNITED STATES DISTRICT COURT**

**IN THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION**

BERYLLIN GAMBY and
HAROLD GAMBY,

Plaintiffs,
-vs-

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION, LLC; FIRST NATIONAL BANK OF OMAHA; GEMB/WALMART; BOULDER CREDIT SERVICES, INC.,

Defendants.

Case No. 2:06-cv-11020
Hon. Marianne O. Battani
Magistrate Donald A. Scheer

**DEFENDANT FIRST NATIONAL BANK OF OMAHA'S BRIEF IN SUPPORT OF <u>EMERGENCY</u> MOTION TO QUASH DEPOSITION <u>NOTICE SCHEDULED FOR MAY 28, 2009 AND FOR SANCTIONS</u>**

**<u>Issue Presented</u>**

Whether this Court should grant Defendant First National Bank of Omaha's Emergency Motion to Quash Deposition Notice Scheduled for May 28, 2009 and for Sanctions?

## Controlling Authority

**Case Law**


| | |
|---|---|
| *Hart v. United States*, 772 F.2d 285, 286 (6th Cir.1989) | 2 |
| *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill. 2005) | 2 |
| *Lake v. Fairview Nursing Home, Inc.*, 1998 WL 446662 (7th Cir. July 15, 1998) | 2-3 |
| *Peterson v. Union Pacific R. Co.,* 2007 WL 2701268 (C.D.Ill.2007) | 2, 3 |


**Court Rules**


| | |
|---|---|
| Fed. R. Civ. P. 30 | passim |

**IN SUPPORT OF EMERGENCY MOTION TO QUASH DEPOSITION NOTICE SCHEDULED FOR MAY 28, 2009 AND FOR SANCTIONS**

## I. FACTS AND BACKGROUND

This case has been pending since March of 2006, in large part due to many problems during discovery and motions complaining of discovery responses and the adequateness of responses. Discovery has actually been closed in this case for some time, with the exception of some unilateral discovery extensions for the benefit of the Plaintiffs. Plaintiffs were given an extension from April 30, 2009 to May 30, 2009 to conduct one or more depositions of a Fed. R. Civ. P. 30(b)(6) designee from FNBO.

As part of the extension, Plaintiffs had to limit their previous 100 category deposition notice down to 25 categories of inquiry. In an attempt to comply with this last extension and prevent yet another motion to compel by the Plaintiffs in this case, FNBO immediately requested that Plaintiffs' counsel submit the revised deposition notice as soon as possible so FNBO can adequately prepare one or more witnesses on the proposed topics and accommodate work schedules. See Exhibits A, B, C, and D. Plaintiffs' counsel would not respond or acknowledge the requests. Instead, Plaintiffs' counsel waited until the eleventh hour, which was similar to a lot of the previous discovery problems, and submits the deposition notice on the day that one of the scheduled depositions was supposed to take place and less than forty-eight hours before the next scheduled date. Plaintiffs' counsel also presumptiously assumed that the Court granted him two days worth of depositions.

In order to prevent being set up for yet another motion to compel, FNBO felt compelled to seek the court's protection from Plaintiffs' counsel's deliberate bad faith deposition notice practices. One of FNBO's potential 30(b)(6) witnesses last available day during the 30 day extension was May 26, 2009, which FNBO made Plaintiffs' counsel aware of and was also the same date that FNBO

received the deposition notice. Also, the new deposition notice contains many new, never before seen deposition topics. FNBO simply does not have adequate time to review the topics, select a knowledgeable witness and rearrange that individuals work schedule in less than 48 hours.

**II. LAW**

Federal Rules of Civil Procedure 30(b)(1) provides that a party that wants to conduct a deposition must give "reasonable" written notice of the party's intent to do so. The rule does not define what is "reasonable". Reasonable notice depends on the circumstances of each case. *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir.1989); *see also Peterson v. Union Pacific R. Co.*, 2007 WL 2701268 (C.D.Ill.2007) ("The analysis in determining the reasonableness of notice is necessarily case-specific and fact-intensive.")(A copy of said Opinion is attached hereto as Exhibit F).

The court must consider the complexity of the deposition notice, the time the notice was received before the deposition date, the deposition deadlines. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill. 2005).

> What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period.

Id.

What would be reasonable notice in one case, may not be reasonable in a different case with different facts and circumstances. For example, in *Lake v. Fairview Nursing Home, Inc.*, 1998 WL 446662 (7th Cir. July 15, 1998)(A copy of said Opinion is attached hereto as Exhibit G) , the Seventh Circuit affirmed a district court's decision to quash a deposition notice that was sent by regular mail on July 18 for a deposition to be held on July 25, when opposing counsel did not

receive the notice until July 22 and the 25th was the discovery cut off date. Likewise in *Peterson v. Union Pacific R. Co.*, 2007 WL 2701268, *2 (C.D.Ill. 2007), the Court concluded that a four day notice was unreasonable under Rule 30(b)(6) due to the protracted discovery in the case, the fact that the deposition was set for the last day of discovery, and that the party being deposed still had the burden of identifying and designating an individual to comply with the notice.

## **III. ARGUMENT**

Plaintiffs are attempting to sandbag FNBO with this deposition notice by failing to respond to any of FNBO's requests to provide the deposition notice in a timely manner to ensure that FNBO can identify and designate a witness and also submit several new categories of inquiry that have never been requested before and certainly were not part of the original deposition notice, which was the subject of the initial motion to compel.

On April 28, FNBO's counsel requested that Plaintiffs' counsel provide the revised deposition notice as soon as possible. See Exhibit A. On May 1, 2009, FNBO's counsel in Omaha, Nebraska also sent Plaintiffs' counsel a request to provide the deposition notice in a timely manner. See Exhibit B. This coupled with the fact that on May 11, 2009, FNBO provided a letter to Plaintiffs' counsel again requesting a revised deposition notice and provide possible dates for the possible 30(b)(6) designees, depending on which areas of inquiry the notice contained. See Exhibit D. One potential 30(b)(6) witnesses' last day of availability was on the very same day that FNBO received the deposition notice.

Plaintiffs' counsel has deliberately hindered FNBO's ability to adequately prepare for the 30(b)(6) deposition. FNBO has been through this too many times to not attempt to protect its interest and prevent the Plaintiffs' counsel for placing the blame for unpreparedness on FNBO.

Given the facts and circumstances of this case, FNBO moves this Court to quash the

deposition notice received on May 26, 2009 for a deposition to take place on May 28, 2009 at 9:00 A.M. when one of FNBO's knowledgeable witnesses last day of availability in the 30 day extension has come and passed with no word from Plaintiffs' counsel. FNBO has been in the process of reviewing the previous deposition notices since Plaintiffs' counsel refused to respond to any previous correspondence on the issue. The Court compelled FNBO to produce a knowledgeable witness on the previously provided deposition notice, which was later limited to 25 areas of inquiry. The Court did not allow the Plaintiffs to resubmit a totally different deposition notice on a number of completely different topics with less than 48 hours notice.

This is simply another attempt for Plaintiffs counsel to set FNBO up for a motion to compel and again request a default judgment against FNBO. FNBO requests that this Court quash Plaintiffs' Deposition Notice currently scheduled for May 28, 2009 at 9:00 A.M. and sanction Plaintiffs' attorney for hindering FNBO's ability to comply with the Court's Order. Alternatively, FNBO requests that this Court re-schedule the deposition that would allow FNBO reasonable notice and time to select a knowledgeable witness and prepare that witness.

## IV. CONCLUSION

Based on the foregoing, FNBO moves this Court to quash the deposition notice that was delivered today on FNBO, sanction Plaintiffs' counsel for in bad faith hindering the discovery

process for attorney fees that were necessitated for filing this motion and brief, or in the alternative re-schedule the deposition to allow FNBO to adequately prepare for the deposition.

Respectfully submitted,

TIMOTHY E. BAXTER & ASSOCIATES, P.C.

S/Timothy E. Baxter

By: Timothy E. Baxter P28045
Attorney for Defendant First National Bank of Omaha
P.O. Box 2669
Farmington Hills, MI 48331
(248) 553-1155
tbaxter@baxlaw.com

Dated: May 26, 2009

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

BERYLLIN GAMBY and
HAROLD GAMBY,

Plaintiffs,

-vs-

Case No. 2:06-cv-11020
Hon. Marianne O. Battani
Magistrate Donald A. Scheer

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION, LLC; FIRST NATIONAL BANK OF OMAHA; GEMB/WALMART; BOULDER CREDIT SERVICES, INC.,

Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following counsel registered electronically:

Lori M. McAllister lmcallister@dykema.com, kbradley@dykema.com

Kevin H. Breck kbreck@clarkhill.com, awheeler@clarkhill.com

Ian B. Lyngklip ianlyngklip@att.net, ianlyngklip@comcast.net

Lisa M. Gardner lisag@mjelliott.com, veronica@mjelliott.com

Tamara Fraser tfraser@fhwnlaw.com, snelem@fhwnlaw.com

Brian A. Nettleingham ban@maddinhauser.com, avm@maddinhauser.com

Christopher T. Lane clane@schuckitlaw.com, asmith@schuckitlaw.com

Meggin A. Rawlin mrawlin@jonesday.com

Jeffrey C. Turner jturner@sdtlawyers.com, bgentry@sdtlawyers.com, kwidmyer@sdtlawyers.com

Alan M. Gill agill@schuckitlaw.com, asmith@schuckitlaw.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

TIMOTHY E. BAXTER & ASSOCIATES, P.C.

S/Timothy E. Baxter

By: Timothy E. Baxter P28045
Attorney for Defendant First National Bank of Omaha
P.O. Box 2669
Farmington Hills, MI 48331
(248) 553-1155
tbaxter@baxlaw.com

Dated: May 26, 2009

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

BERYLLIN GAMBY and
HAROLD GAMBY,

Plaintiffs,

-vs-

Case No. 2:06-cv-11020
Hon. Marianne O. Battani

Magistrate Donald A. Scheer

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION, LLC; FIRST NATIONAL BANK OF OMAHA; GEMB/WALMART; BOULDER CREDIT SERVICES, INC.,

Defendants.

**INDEX OF EXHIBITS TO ACCOMPANY DEFENDANT FIRST NATIONAL BANK OF OMAHA'S BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO QUASH DEPOSITION NOTICE SCHEDULED FOR MAY 28, 2009 AND FOR SANCTIONS**

| Exhibit | Description |
|---|---|
| A | Hugh G. Pallazola email to Ian B. Lyngklip dated April 28, 2009; |
| B | Cory Rooney email to Ian B. Lyngklip dated May 1, 2009; |
| C | Timothy E. Baxter correspondence to Ian B. Lyngklip dated May 11, 2009; |
| D | Timothy E. Baxter correspondence to Ian B. Lyngklip dated May 11, 2009; |
| E | Revised Re-Notice of Deposition and Certificate of Service for same dated May 21, 2009; |
| F | *Peterson v. Union Pacific R. Co.,* 2007 WL 2701268 (C.D.Ill.2007); and |
| G | *Lake v. Fairview Nursing Home, Inc.*, 1998 WL 446662 (7th Cir. July 15, 1998). |

TIMOTHY E. BAXTER & ASSOCIATES, P.C.

S/Timothy E. Baxter

By: Timothy E. Baxter P28045
Attorney for Defendant First National Bank of Omaha

P.O. Box 2669
Farmington Hills, MI 48331
(248) 553-1155
tbaxter@baxlaw.com

Dated: May 26, 2009