UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

HAROLD GAMBY,
BERYLLIN GAMBY
    Plaintiffs

 -vs-                                    Case No. 06-11020
                                             Hon. Marianne O. Battani
                                             Magistrate Judge: Donald A. Scheer

EQUIFAX INFORMATION SERVICES, LLC
*et al*.

    Defendant

## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFFS WERE REQUIRED TO FILE AND SUBMIT A POLICE REPORT AND TO PROVIDE CURATIVE JURY INSTRUCTION

For the reasons set forth in the accompanying brief, Plaintiffs move this Court to enter its 1) order precluding any evidence, argument or other statement that Plaintiffs were required to file and submit a police report as a condition of relief under either the statutory causes in this case, and 2) issue a curative jury instruction advising the jury that no such duty existed on the part of the Gambys.

## BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFFS WERE REQUIRED TO FILE AND SUBMIT A POLICE REPORT AND PROVIDE CURATIVE JURY INSTRUCTION

### Introduction

A motion *in limine* is a preliminary motion that serves a gate-keeping function and permits the Court to eliminate from further consideration evidentiary submissions that clearly would be inadmissible. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "The prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their

preparation on those matters that will be considered..." *Jonasson*, 115 F.3d at 440. The granting of a motion *in limine* is within the sound discretion of the trial judge. *United States v. Talley*, 194 F.3d 758, 765 (6th Cir.1999). *United States v. Phibbs,* 999 F.2d 1053, 1078 (6th Cir.1993); see also *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

### Law & Argument

FNBO demanded that the Gambys file a police report. It was FNBO's position that should the Gambys fail to do so, FNBO would continue to treat the debt as belonging to the Gambys, continue to make calls attempting to collect the debt and continue to refer the debt to debt collectors. The Gambys contend that FNBO's demand that they file and provide a police report represents an expression of FNBO's overall policy of collecting money from consumers who are not legally obligated to pay that money  (see Docket 229-22 which is incorporated into this motion by reference).  Additionally, the Gambys contend that by  misstating their obligation to file a police report, FNBO sought to improperly pressure them into paying a bill that they did not actually owe. Taken as a whole, FNBO's requirement of a police report, its unlawful demands, and the failure of FNBO to make any provisions to report the disputed nature of the Gambys' debt in particular as well as consumer debts in general will be probative of willful violations of the FCRA and actual malice. *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201(2007)("[W]here willfulness is a statutory condition of civil liability, [the Supreme Court has] generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *id* at 2208).

Currently, only two claims for monetary relief will be submitted to the jury against FNBO. The first of these two claims arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).  The second of these claims arises under the Michigan Collection Practices Act (MCPA) , M.C.L. § 445.251 et seq.

Based upon the arguments of FNBO, the Gambys anticipate that FNBO will attempt to adduce evidence and argue that the Gamby's were required to file a police report and submit the report to FNBO as a condition of relief under the FCRA and MCPA. Plaintiffs request that the Court bar any evidence or argument of such a claimed requirement, and to the extent that any evidence of such demands is adduced at trial, that the Court provide a curative instruction to the Jury that no such report was required.

### The FCRA Does Not Require that A Consumer File a Police Report

FNBO's anticipated grounds for introduction of such evidence arises out of recently added provisions of § 1681s-2(a)(6) which provides a separate remedy for consumers who dispute credit information directly with a furnisher rather than through a credit bureau as the Gambys did. Contrary to the claims of FNBO, this provisions does not require any action by the consumer, but rather requires furnishers to cease reporting upon receipt of an ID theft report.

> (6) Duties of furnishers upon notice of identity theft-related information. . . .
> (B) Information alleged to result from identity theft
> If a consumer submits an identity theft report to a person who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct.

§ 1681s-2(a)(6). This section provides a procedure for the consumer's benefit, not a bar to action under § 1681s-2(b).

This issue has already been addressed within this district in the context of similar arguments by a furnisher. Judge Rosen has held that only credit reporting agencies may demand additional documentation from a consumer in the course of a credit reporting dispute tendered through that bureau:

> . . . . In the course of this investigation, Defendant purportedly requested that Plaintiff provide a copy of the report he had filed with the police in Adrian, Michigan, but Plaintiff failed to comply with this request. In light of this failure, Defendant maintains that it was entitled to abandon its investigation, in accordance with an FCRA provision that authorizes a "consumer reporting agency" to terminate its investigation into a consumer-generated dispute if the consumer fails "to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).
>
> There are at least two separate obstacles, however, to the Court's acceptance of this proposition as a matter of law. First, the above-quoted FCRA provision applies only to consumer reporting agencies, and not to entities, such as Defendant, that furnish information to these agencies. . . . ***Nothing in the pertinent statutory provision, therefore, suggests that a furnisher of information such as Defendant may abandon its investigation if it is unable to satisfy its desire for additional information through direct interaction with the consumer. Rather, Defendant's apparent recourse would be to seek additional information from the credit reporting agency that gave notice of the dispute.***

*Defer v. World Financial Network Nat. Bank*, 2007 WL 3026091 (E.D.Mich.,2007)(Rosen)(emphasis added). The provisions of 1681s-2(a) govern direct disputes with furnishers, not disputes that are tendered through credit reporting agencies under §§ 1681i and 1681s-2(b). Additionally, this remedy is available at the election of the consumer; it is not a mandatory condition of any relief.

As set forth in *Defer*, the express language of § 1681s-2(a)(6) has no relevance to the issues in this case. First, the language of § 1681s-2(a)(6) is condition that is only triggered ***when*** the consumer files and sends an ID theft report. The language of the statute does not impose any duty upon the consumer, but rather upon the furnisher if the consumer elects to provide the report. Until the consumer himself elects to exercise this provision, the statute does not apply; the statute simply does not require the filing of a police report as a condition of FNBO's duties or a claim before this court. Second, the provisions of § 1681s-2(a)(6) are not at issue in this case. The Gambys have not brought their claims under those provisions which are not privately enforceable by consumers (15

U.S.C. § 1681s-2(c)(1)). Rather the Gambys seek relief under the provisions of § 1681s-2(b). Consequently, the provision of 1681s-2(a) have no relevance to any issue to be presented to the jury.

## Barring of Evidence and Argument

While it is clear that FNBO attempted to impose this burden on the Gambys and will seek the Court's imprimatur for this duty by way of its arguments and evidence, there is no legal basis for that presentation to the jury. To the contrary, because the FCRA contains no duty on the part of the Gambys to file a police report the anticipated evidence and argument would mislead or confuse the jury into concluding Gambys were required to file such a report, and were unreasonably uncooperative with FNBO. This line of evidence and argument would be unfairly prejudicial to the Gambys in light of the fact that there is no legal support for FNBO's position. Therefore, the Court should limit the testimony and argument to avoid allowing the jury to improperly conclude that the Gambys were required to file a police report and provide a copy to FNBO as a condition of relief under the statutes at issue.

## The Court Should Issue an Appropriate Jury Instruction as to the Absence of any Requirement that the Gambys file and Provide a Police Report

While the Gambys take the position that FNBO should not be permitted to argue or present evidence of a non-existent legal requirement, they also intend to offer evidence of FNBO's efforts to impose this illegal requirement upon them. These misstatements of the law by FNBO were part of its overall policy to illegally pressure payment by consumers who did not lawfully owe debts which were incurred without their knowledge or consent. This requirement was interwoven within FNBO's its credit reporting policy. This connection is well established in the letter to the Gambys from FNBO where it conditioned the removal of adverse credit information upon the filing of a police report. This evidence would tend to prove liability for and the willfulness of violations under

the FCRA. In the absence of guidance from the Court, however, this evidence could mislead or confuse the jury into believing that FNBO was within its rights to make these demands and cause the jury to disregard this strong evidence of reckless disregard of the Gambys' rights under the FCRA. See *Safeco*, supra.

Within the context of the Gambys claims for monetary relief under the MCPA, those claims rest in part upon FNBO's misstatement of the Gambys legal rights and duties. These arise under the following provisions of the MCPA:

> (e) **Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.**
> (f) Misrepresenting in a communication with a debtor 1 or more of the following:
> **(i) The legal status of a legal action being taken or threatened.**
> **(ii) The legal rights of the creditor or debtor.**
> (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.
> (iv) That accounts have been turned over to innocent purchasers for value.

M.C.L. § 445.252. The Gambys' claim under the MCPA turns upon what the Gambys actual legal right and duties were. The Court must properly instruct the jury as to the Gambys actual legal rights and duties before the jury can take up factual question of whether FNBO misstated the Gambys' rights and duties. The Court must provide the jury with guidance on this key legal issue in order to insure that the jury can properly adjudicate the claims which will be submitted to it. Therefore, the Court must provide the jury with an instruction informing the jury as to whether FNBO could lawfully demand the police report from the Gambys as a condition of stopping its collection efforts or removing the erroneous information from their consumer reports.

Given the relevance of the evidence that FNBO conditioned removal of false and adverse credit information upon the filing of a police report, the Gambys request that the Court provide a curative jury instruction advising the Jury that Gambys were under no legal duty to either file or

provide a police report to FNBO.  Such a jury instruction is necessary in light of the claims under both the FCRA and the MCPA.

## Conclusion

For the reasons set forth above, the Gambys request that the Court bar any evidence or argument that the Gambys were required to file and forward a police report as a condition of recovery under either claim, and to the extent that such a requirement is presented in evidence that the Court issue a jury instruction advising the Jury of the actual rights and duties of the parties in relation to a police report.

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip P-47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Plaintiffs
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: June 8, 2009

## Certificate of Service

I hereby certify that on June 8, 2009, I electronically filed the foregoing paper with the Clerk of the Court and served this document on the following parties:

| Party | Manner Served |
|---|---|
| Timothy Baxter<br>Timothy E. Baxter & Associates<br>Attorney for First National Bank of Omaha<br>33533 W. Twelve Mile Rd., Ste. 370<br>Farmington Hills, MI  48333<br>PH: (248) 553-1155 FAX (248) 553-0055 | Electronically via the CM/ECF System |

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Plaintiffs
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: June 8, 2009