UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

        Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

        Defendant.
_____/

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFFS' MOTION FOR
RELIEF FROM JUDGMENT AND NEW TRIAL**

Now before the Court is Plaintiffs' Motion for Relief from Judgment and New Trial (Doc. No. 278). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the motion is **DENIED.**

**I. BACKGROUND**

In their complaint, Plaintiffs Harold and Beryllin Gamby alleged that Defendant First National Bank of Omaha ("FNBO") violated the Fair Credit Reporting Act ("FCRA"), 18 U.S.C. § 16812-2(b) (Count IV), and the Michigan's Collection Practices Act ("MCPA"), MICH. COMP. LAWS § 445.251 et seq. (Count V). Plaintiffs also asked for declaratory and injunctive relief under the MCPA (Count VI), and under common law (Count VII). A summary the facts giving rise to their claims follows.

In September 2001, Gambys opened a Fleet credit card account, which Defendant

subsequently purchased. At the time they applied, they lived on Conley Street in Detroit.

In September 2002, their son Harold J. Gamby moved into an apartment located in Sterling Heights. When Plaintiffs filed this suit, they believed that Defendant had issued a credit card in the name of their son, Harold J. Gamby, and reported his credit information on their credit report.

During the course of the litigation, it became clear that FNBO never issued a credit card to Harold J. Gamby, but that their son used a card issued to Plaintiffs that was sent to the son's Sterling Heights address. Specifically, in September 2003, FNBO sent a card to an address in Sterling Heights. Gamby's son, Harold J. Gamby, used the card and defaulted on the payment. Thereafter, FNBO began reporting the debt to Plaintiffs' credit report and initiated collection activity. The debt was in excess of $12,000, at the time Plaintiffs filed this lawsuit.

At trial, Defendant presented evidence relating to the use of Plaintiffs' Wal-Mart account by their son. Plaintiffs argue that the evidence should not have been admitted under FED. R. EVID. 404(b), and that the admission of this evidence entitles them to a new trial.

## II. STANDARD OF REVIEW

A district court may order a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). District court judges are accorded "broad discretion" in deciding motion brought under Rule 59. <u>In re Saffady</u>, 524 F.3d 799, 808 (6th Cir. 2008). A new trial is appropriate when "in the judgment of the trial judge, such course is required in

order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." Id. (quoting Davis by Davis v. Jellico Cmty Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1990).

**III. ANALYSIS**

During trial, Defendant brought in evidence regarding Plaintiffs' Wal-Mart account. The facts surrounding the use of the Wal-Mart card are nearly identical to the facts regarding the use of the Fleet account. With both accounts, Plaintiffs' son used their credit card; the credit card mailing address was switched from Plaintiffs' address to their son's, payments were made by Plaintiffs even after the address was changed.

Plaintiffs disputed ownership of the Wal-Mart account, claiming the account belonged to their son. Defendant argues that this evidence shows that Plaintiffs' assertion that the account was not theirs may not have been a mistake on their part.

The Court allowed Defendant to use this evidence to show why the subsequently issued credit card was mailed to Plaintiff's son's address. Although Plaintiffs characterize this reason as disingenuous because FNBO spent little time at trial concentrating on the address, the Court observes that introduction of the Wal-Mart evidence precluded Plaintiffs from making such an argument. The information certainly was relevant to the Plaintiffs' claim that the son's debt was mistakenly reported to their account. Accordingly, the Court finds no injustice occurred

In additiont, Plaintiffs assert that they are entitled to a new trial because the Court failed to instruct the jury that it had granted Plaintiffs the requested declaratory relief that

they were not responsible for the Fleet card debt.  Under F<small>ED</small>. R. E<small>VID</small>. 201(g), "[i]n a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed."

Here, Plaintiffs contend that the Court's failure to instruct the jury to this relevant fact invited Defendant to argue that Gambys engaged in fraud.  They assert that even given the broad latitude accorded to counsel in closing, FNBO's arguments introduced a topic completing lacking a factual basis.

The Court finds the extent that FNBO advanced such argument, it was harmless. The issues at trial were whether FNBO failed to conduct a reasonable investigation into a dispute submitted to a credit reporting agency under the FCRA and whether FNBO violated the MDCPA in attempting to collect the debt.  These were the sole matters before the jury.

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion for New Trial is **DENIED.**

**IT IS SO ORDERED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

Date:  January 7, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                            s/Bernadette M. Thebolt

                                            Deputy Clerk