UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY, BERYLLIN GAMBY,

            Plaintiffs

                              CASE NO. 06-11020

-v-                                HON. MARIANNE O. BATTANI

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

            Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' RENEWED MOTION
FOR JUDGMENT AS A MATTER OR LAW PURSUANT TO RULE 50(b)**

Now before the Court is Plaintiffs' Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) (Doc. No. 279). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the motion is **DENIED.**

**I. BACKGROUND**

Plaintiffs Harold and Beryllin Gamby filed this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), and the Michigan Collection Practices Act, MICH. COMP. LAWS § 445.251 et seq. They allege that Defendant, First National Bank of Omaha ("FNBO"), violated these statutes during the course of its investigation and reporting of a debt incurred by their son on Plaintiffs' Fleet credit card account, which had been purchased by FNBO. The case proceeded to trial, and the jury returned a verdict in favor of Defendant, finding no cause of action. See Doc. No. 275.

At the conclusion of the evidence in this trial, Plaintiffs moved pursuant to Rule 50

for judgment as a matter of law on their claim that Defendant negligently violated the FCRA, that FNBO violated the MCPA and, finally, that they were entitled to a declaration that they were not liable to FNBO for payment of the debt. The Court denied the motion as to the FCRA and the MCPA claims, but granted it as to the request for declaratory relief. In reaching its decision, the Court noted that Plaintiffs sought a declaration of their rights relative to the debt, that Defendant offered no evidence at trial that Plaintiffs owed the debt, and that Defendant failed to respond to the merits of Plaintiffs' motion relative to the declaratory relief. The Court concluded that under the substantive law, Plaintiffs were entitled to the requested relief.

Plaintiffs subsequently filed this renewed motion for judgment as a matter of law on the ground that no reasonable jury could have followed the law on liability, given the Court's conclusion that the subject credit card account was not the legal responsibility of Plaintiffs. In addition, Plaintiffs' motion rests on three grounds: first, Defendant's "total failure to refute and explain its refusal to conduct an investigation; second, Defendant's failure to provide the consumer reporting agencies the Compliance Condition Code of "Disputed" that its own employees testified were required by the FCRA;" and third, Defendant's "refusal to cease collection of the account" despite its knowledge that it had no legal basis to hold Plaintiffs liable for the unauthorized charges of their son. Pls.' Renewed Motion at pp. 1-2. For the reasons that follow, the Court **DENIES** Defendant's renewed request for judgment as a matter of law.

## II. STANDARD OF REVIEW

Rule 50(b) reads as follows:

> (b) Renewing Motion for Judgment After Trial; Alternative

>Motion for New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . [T]he movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
>>(1) allow judgment on the verdict, if the jury returned a verdict;
>>(2) order a new trial; or
>>(3) direct the entry of judgment as a matter of law.

FED. R. CIV. P. 50(b). "Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005).

## III. ANALYSIS

### A. FAIR CREDIT REPORTING ACT CLAIMS

Plaintiffs requests judgment as a matter of law on their Fair Credit Reporting Act claims ("FCRA"). In addition to imposing duties on consumer reporting agencies ("CRAs"), the FCRA contains requirements for entities such as FNBO, that furnish information to those agencies. See 15 U.S.C. § 1681s-2. Specifically, a furnisher of consumer credit information must verify the completeness and accuracy of the information when notified by a consumer reporting agency of a credit-report dispute. 15 U.S.C. § 1681s-2(b).

Gambys contend that the testimony from FNBO's investigators shows that no reasonable investigation was made. The only testimony offered by Defendant was that the identifying information within its computer summary screen was compared to that from the

CRAs. The court in in <u>Johnson v. MBNA America Bank, NA</u>, 357 F.3d 462 (4th Cir. 2004) (affirming the district court's denial of a motion for judgment as a matter of law), rejected the defendant/furnisher's claim that its investigation was reasonable as a matter of law. In <u>Johnson</u> the plaintiff complained that she was not a responsible party on the account, merely an authorized user. Notably the defendant did not have the plaintiff's social security number or date of birth; its investigation was limited to verification of her name and addresses. The lack of identifying information which would have been included on an application form supported the plaintiff's claim. The jury found the investigation unreasonable given the nature of the dispute, and the trial court refused to award judgment to defendant as a matter of law. Gambys' reliance on <u>Johnson</u> is misplaced.

Here, the nature of the dispute–that the account being reported to Gambys was not their account--prompted a verification of Mr. Gamby's date of birth, address, and social security number. The jury found that the process employed constituted a reasonable investigation. Its decision is supported by the decision in <u>Westra v. Credit Control of Pinellas</u>, 409 F.3d 825, 827 (7th Cir.2005), which addressed a consumer dispute similar to Gambys'. As is the case here, the complaint in <u>Westra</u> was that the account did not belong to the plaintiff. As is the case here, the defendant/furnisher's verified the consumer's name, address and date of birth without further investigation, an investigation found to be reasonable. "[W]hether [ ] a 'reasonable' investigation has been conducted is generally a question of fact for the jury. <u>Johnson</u>, 357 F.3d at 430-31. Here, there is no grounds for the relief requested by Plaintiffs.

In addition to their broad reading of legal precedent, Gambys rely on the perceived contradiction that exists between FNBO's contention throughout this case that the

4

information in its computer system established that the Gambys were responsible for the account, and the Court's holding that Gambys were not liable for the account because there was no evidence that Gambys had authorized their son to use the account. See Pls.' Brief at 3. Plaintiffs conclude that there is no logical basis upon which the Court can sustain FNBO's investigation as reasonable "when FNBO looked only to the same computer records which the Court has held to be of no legal consequence to whether the Gambys owed the debt in question." Id.

Under these circumstances, the computer records are not conclusive of Gambys' liability; however, they merely bear on the question of whether the investigation was reasonable. FNBO's investigation occurred well in advance of trial, and the investigators did not have the same information that was before the Court. A reasonable investigation may occur, and in fact did here, because the issue being investigated was not whether Gambys authorized their son to use the account.

Next, Gambys argue that FNBO's failure to inform the CRAs that the account was disputed violated the Act, and that they are entitled to judgment as a matter of law on their FCRA claim pursuant to §§ 1681s-2(1)(c) and (d). At trial, Gambys argued that FNBO failed to report the complete status, nature, and history of the challenged account. According to Gambys, FNBO's employees and Rule 30(b)(6) witnesses testified by deposition that FNBO understood that the account was disputed. Plaintiffs' position is that the FCRA required Defendant to complete the Compliance Condition Code, indicating whether the account was disputed in order to accurately and completely report the results or the investigation. Plaintiffs conclude that FNBO's refusal to provide this information to the consumer reporting agencies based on its unilateral determination that the debt was

5

not disputed demonstrates a violation of the FCRA.

In <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1146, 1163-64 (9th Cir. 2009), the appellate court held that although § 1681-2(b) grants a private cause of action, a furnisher cannot be held liable on the merits for simply failing to report that a debt is disputed. In concluding that more is required, the court noted that a furnisher's failure to report a meritless dispute is unlikely to be "materially misleading. <u>Id.</u> at 1164. That reasoning is applicable here. Plaintiffs did not convince the jury that the omission of the dispute was misleading. The jury's decision cannot be characterized as unreasonable when it finds the dispute is not meritorious. The Court is not persuaded to the contrary by Plaintiffs' argument that FNBO's express policy to never report the disputed nature of an account after an investigation requires the Court to find "FNBO's conduct was unreasonable and. . . direct the verdict in favor of" Plaintiffs. Pls.' Reply at 3. The jury was not assessing the policy, just whether FNBO's failure to report the disputed nature of the debt in this case rendered the information incomplete. Consequently, there is no basis for this Court to hold as a matter of law that FNBO violated its obligation to reasonably investigate the disputed information and report the information as disputed. Neither the <u>Johnson</u> nor <u>Gorman</u> decision requires the outcome argued by Plaintiffs.

### B. MICHIGAN COLLECTION PRACTICES ACT CLAIMS

At trial, Plaintiffs also requested a judgment as a matter of law on their claims under § 445.251 of the MCPA. The Court instructed the jury that if FNBO misrepresented in a communication with a debtor the legal status of a legal action being taken or threatened, or the legal rights of the creditor or debtor, to find in favor of Gambys.

Plaintiffs assert that because FNBO misrepresented the amount of the debt owed

or whether Gambys owed any money, Plaintiffs should be awarded damages under the MCPA. They conclude that in light of the Court's finding that Plaintiffs are not liable for the debt, there is no question that FNBO misrepresented the amount owed and/or the status of the debt. The Court disagrees.

Although it became clear during trial that Gambys did not owe the debt, that conclusion was not clear when FNBO reported the debt. Therefore, the Court declines to find as a matter of law that the statements were untrue when made. Accordingly, the request for judgment as a matter of law on this issue likewise is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiffs' request for judgment as a matter of law.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          HON. MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Date: January 7, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt
                                          Deputy Clerk