UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

                Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

                Defendant.
_____/

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO REVIEW AND VACATE CLERK'S TAXATION OF COSTS**

    Before the Court is Defendant First National Bank of Omaha's ("FNBO") Motion to Review and Vacate Clerk's Taxation of Costs (Doc. No. 293). The Court has reviewed all the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2).

    Plaintiffs Harold and Beryllin Gamby filed suit, alleging that FNBO violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b), and the Michigan's Collection Practices Act ("MCPA"), MICH. COMP. LAWS § 445.251 et seq. In addition, Plaintiffs sought a declaration that they were not liable to FNBO for repayment of an underlying credit card debt incurred by their son.

    After the Court denied the parties' dispositve motions, this matter proceeded to trial. The jury found Defendant did not violate either the FCRA or the MCPA, and the Court entered a judgment in favor of Defendant. See Doc. Nos. 274, 275. Because Defendant offered no evidence that Plaintiffs owed the debt at trial and the evidence showed that the

use of the FNBO credit card by Plaintiffs' son was unauthorized, the Court granted Plaintiffs' Rule 50 motion as to their request for declaratory relief.

Thereafter, FNBO filed a Bill of Costs as the prevailing party. The Clerk entered a Taxed Bill of Costs, which Plaintiffs ask the Court to vacate. Gambys challenge Defendant's status as prevailing party for purposes of Rule 54(d)(1). They also challenge costs granted in connection with the testimony of FNBO's expert witness. Neither objection is persuasive.

Rule 54(d) provides that the prevailing party shall be allowed to recover its costs unless a federal statute, the rules, or the court direct otherwise. BDT Products, Inc. v. Lexmark International, Inc., 405 F.3d 415, 417 (6th Cir. 2005). Plaintiffs' assertion that FNBO is not a prevailing party is undermined by the relevant facts. Here, although FNBO was precluded from collecting the underlying debt, throughout this litigation, these parties predominantly focused on the federal and state statutory violations. A party need not be successful on each and every claim to be deemed the prevailing party. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed. 1998). See also Robert v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990) (addressing a similar argument and noting that dismissal of most of the plaintiffs' claims made the defendants the prevailing party on those issues).

Next, Plaintiffs object to the payment of a witness fee and accompanying transportation costs to and from the courthouse for Defendant's expert witness. The Court finds that the witness fees requested in Defendant's Bill of Costs to be taxable pursuant to 28 U.S.C. § 1920(3). The fee taxed for the expert was taxed at the $40.00

2

statutory rate authorized for witnesses.  Further, the taxation of transportation costs and subsistence are proper under 28 U.S.C. §1821.

Accordingly, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date:  April 16, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager