UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

        Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

        Defendant.
_____/

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR SANCTIONS UNDER RULE 37(c)(2)**

Before the Court is Plaintiffs' request for sanctions under FED. R. CIV. P. 37(c)(2) (Doc. No. 297). The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Plaintiffs' motion is **DENIED**.

**I. BACKGROUND**

Plaintiffs Harold and Beryllin Gamby filed suit, alleging that Defendant First National Bank of Omaha ("FNBO") negligently violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b), that FNBO violated the Michigan's Collection Practices Act ("MCPA"), MICH. COMP. LAWS § 445.251 et seq. and, in addition, sought a declaration that they were not liable to FNBO for repayment of a credit card debt incurred by their son.

The matter proceeded to trial, and the jury found Defendant did not violate the

FCRA or the MCPA. See Doc. Nos. 274, 275. In their Complaint, Plaintiffs asked the Court to "declare the rights of the Gambys and FNB-Omaha relative to the debt." See Compl. ¶ 83. Because Defendant offered no evidence that Plaintiffs owed the debt at trial and the evidence showed that the use of the FNBO credit card by Plaintiffs' son was unauthorized, the Court granted Plaintiffs' Rule 50 Motion for Judgment as a Matter of Law in a Jury Trial. The Court therefore entered an order granting Plaintiff the requested declaratory relief. See Doc. No. 273.

In their motion, Plaintiffs contend that FNBO's failure to admit certain facts concerning whether Gambys owed it any money authorizes the Court to impose sanctions. Plaintiffs refer the Court to Requests for Admissions 26-36 and 62-70. See Pls.' Ex. 2. According to Gambys, because FNBO refused to admit relevant facts, they were required to proceed on their claim for declaratory relief that they were not liable to FNBO for payment of the debt. They filed a motion for summary judgment and reply, responded to Defendant's motion for summary judgment, attended oral argument on the motions, and prepared for and tried the claim to a jury. See Pls.' Brief at 2. They ask the Court to award sanctions in the amount of $48,300.

## II. STANDARD OF REVIEW

Under FED. R. CIV. P. 37(c)(2),

If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A) the request was held objectionable under Rule 36(a);

      (B) the admission sought was of no substantial importance;
      (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
      (D) there was other good reason for the failure to admit.

### III. ANALYSIS

The issues at trial were whether FNBO failed to conduct a reasonable investigation into a dispute submitted to a credit reporting agency under the FCRA and whether FNBO violated the MCPA in attempting to collect the debt. The Court finds that in defending these claims, Defendant reasonably denied the identified Requests for Admissions. Requests 26-33, 35, 36 and 62-70 involve facts that were disputed at trial or involved an assessment of Plaintiffs' credibility. In addition, FNBO denied some of the requests in reliance upon circumstantial evidence of a similar dispute between Plaintiffs and Wal-Mart. Request 34 involved a legal conclusion. Accordingly, the Court finds sanctions based on a violation of Rule 37(c)(2) are unwarranted.

### IV. CONCLUSION

Now, therefore, Plaintiffs' motion is **DENIED.**

**IT IS SO ORDERED.**

                              s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE

Date: April 16, 2010

## CERTIFICATE OF SERVICE

  Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

               s/Bernadette M. Thebolt
               Case Manager