UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

        Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

        Defendant.
                                     /

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37

Before the Court is Plaintiffs' request for sanctions under FED. R. CIV. P. 37, which was filed under seal (Doc. No. 265). The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

Plaintiffs Harold and Beryllin Gamby filed suit, alleging that Defendant First National Bank of Omaha ("FNBO") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b), and the Michigan's Collection Practices Act ("MCPA"), MICH. COMP. LAWS § 445.251 et seq. From the beginning of litigation, the parties were unable to amicably resolve routine discovery disputes and repeatedly sought the intervention of the Magistrate Judge.

One particularly contentious area was the designation of a Rule 30(b) representative. On April 30, 2009, this Court instructed Plaintiffs to provide a revised Rule 30(b)(6) notice "describing with reasonable particularity 25 matters (without subparts) for examination." See Doc. No. 216. The Court ordered Defendant to designate three or fewer witnesses to respond to the areas of inquiry. Id. After Plaintiffs served an amended notice, FNBO moved to quash. The Court denied the emergency motion, rejecting each of Defendants' arguments as to why it would be too difficult to comply. The Court found the notice reasonable under the circumstances.

Thereafter, Defendant offered two witnesses--Renae Krumel and Linda Ray. A few days before the trial date, Plaintiffs filed this motion requesting sanctions under Rule 37. The Court did not allow Plaintiffs to argue this motion at the June 25, 2009, hearing on pending motions in limine because Defendant had not received the motion. Given the late filing of the motion, the Court reserved ruling on the motion.

The case proceeded to trial on June 29, 2009, and at the conclusion of deliberations, the jury found no cause as to the statutory claims advanced against FNBO. Defendant subsequently moved to strike the motion for sanctions, and after the Court denied the motion, FNBO filed a responsive pleading.

According to Plaintiffs, Krumel and Ray were inadequately prepared and unable to provide the requested information. Further, during the course of questioning these witnesses, FNBO's counsel interrupted by "speaking objections" which directed the witness away from the testimony. Pls.' Brief at 4. These objections had been expressly prohibited, and according to Plaintiffs, prevented them from obtaining needed discovery.

## II.  STANDARD OF REVIEW

Pursuant to the governing procedural rule, if a witness designated under Rule 30(b)(6) "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  FED.R.CIV.P. 37(b)(2)(A).  The rule articulates options:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED.R.CIV.P. 37(b)(2)(A).

## III.  ANALYSIS

In their motion, Plaintiffs ask the Court to impose sanctions for Defendant's failure to produce adequately prepared witnesses in compliance with their Rule 30(b)(6) deposition notice. Plaintiffs acknowledged the late filing of the motion reduced the likelihood that the Court would entertain default as a sanction.  In addition, Plaintiffs noted that the award of monetary sanctions had not deterred

FNBO's conduct, that there was no time for additional discovery, and that preventing testimony on the noticed topics would not be helpful inasmuch as the evidence withheld was favorable to Plaintiffs. Therefore, Plaintiffs asked the Court to preclude Defendant from presenting evidence supporting its defense. Specifically, Gambys asked the Court to preclude evidence or argument that would be favorable to FNBO in three areas: whether the Gambys had an open account; whether the Gambys owed money for the account; and whether FNBO complied with the FCRA.

In support of their request, Plaintiffs assert that FNBO failed to produce knowledgeable witnesses as to 11 of the 25 topics identified in their revised notice. Even more egregious, according to Plaintiffs, is Ray's admission that she did nothing to prepare for two of the topics. See Tr. at 31-32, 37.

Krumel cannot be portrayed as an inadequately prepared witness. Although she did not provide information as to the nature and content of any documents or data in the First Investigator system relating to Gambys, she did testify that no such documents existed. See Tr. at 36. She was unable to identify the individuals making collection calls to Plaintiffs; however, she had reviewed the collection notes, and she did provide the names of employees who worked in collections.

Although Ray had some familiarity with the FCRA and FNBO's practices relative to consumer disputes, she was unable to provide an answer to Plaintiffs' request for a list of manuals, treatises, texts, journals, or publications relied upon by FNBO in formulating its policies. She likewise did not know whether FNBO changed

4

its policy after the Protiviti study or the decision in Johnson v. MBNA America Bank, NA, 357 F.3d 426 (4th Cir. 2004). The Court agrees with Defendant that the witness' inability to address these topics did not undermine the discovery process because these were not matters that could have been presented to the jury.

The Court finds that to the extent these witnesses were unable to address several of the 25 topics identified in the Revised Notice, the inability did not prejudice Plaintiffs' ability to present their side of the story to the jury. At issue here was whether FNBO reasonably investigated those disputes that were submitted to the credit reporting agencies.

As for the second basis upon which Plaintiffs request sanctions–the conduct of counsel for FNBO, the Court finds the request also must be denied. The Court is well aware that the magistrate judge previously ordered counsel for Defendant to "comport himself in a fashion consistent with FED. R. CIV. P. 30." Doc. No. 62. The magistrate judge subsequently instructed counsel to state his objections "concisely in a nonarugmentative and nonsuggestive manner." Pls.' Ex. 5. Counsel for defendant did not instruct these witnesses not to answer, and his objections did not result in counsel becoming a witness.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Date: April 16, 2010

## CERTIFICATE OF SERVICE

      Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                        s/Bernadette M. Thebolt
                                        Case Manager