UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GAMBY and BERYLLIN GAMBY,

    Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

    Defendant.
_____/

CASE NO. 06-11020

HON. MARIANNE O. BATTANI

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES UNDER SANCTION ORDER DATED SEPTEMBER 5, 2008**

On September 5, 2008, Magistrate Judge Donald A. Scheer entered an order that granted Plaintiffs Harold and Beryllin Gamby's motion to compel depositions and enforce compliance with discovery requests. The Magistrate Judge also granted Plaintiffs' request for discovery sanctions. See Doc. No. 126. Plaintiffs now ask the Court to award them $109,629.50 in attorneys fees as a monetary sanction for Defendant First National Bank of Omaha's ("FNBO) discovery misconduct (Doc. No. 296). The Court has reviewed all the pleadings as well as the Magistrate Judge's Order and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2).

**I. BACKGROUND**

The Magistrate Judge's ruling took into consideration a pattern of discovery violations that beset this litigation from the onset, and specifically, conduct on the part of FNBO and its attorney that he characterized "as a calculated effort to obstruct and frustrate Plaintiffs' legitimate right to discovery." Doc. No. 126 at p. 5. The Magistrate Judge

therefore found that sanctions were warranted.  Id.

In his order, the Magistrate Judge ordered Plaintiffs to provide "an accounting of time and expenses relating to discovery undertaken to date.  Counsel for Plaintiffs shall further serve upon the court and defense counsel an estimate of the portion of fees and costs incurred as a direct consequence of Defendant's obstructive conduct, together with a statement of facts supporting that estimate."  Id. at p. 6.

According to Plaintiffs, Defendant's conduct resulted in their attorneys attending useless depositions, sending numerous emails and making numerous phone calls, preparing for hearings and depositions, and drafting, researching, reviewing and revising statements of unresolved issues, and discovery requests.  They ask for an award in the amount of $109,629.50.

## II.  STANDARD OF REVIEW

As the Supreme Court noted in Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766-67 (1980),

> The power of a court over members of its bar is at least as great as its authority over litigants.  If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. See Renfrew, Discovery Sanctions: A Judicial Perspective, 67 Calif. L. Rev. 264, 268 (1979).  Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. But in a proper case, such sanctions are within a court's powers.

Accord Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006) (noting that sanctions under § 1927 "are warranted when the attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expenses to the opposing party").

## III. ANALYSIS

At the outset, the Court observes that the time spent and the fees incurred in this litigation greatly exceeded the value of this case. The Court, in its discretion, finds that an award of attorney fees against FNBO and its counsel is appropriate given the conduct in this case, that is Defendant's repeated refusal to comply with this Court's orders. There is no dispute that a court possesses the inherent power to impose sanctions against parties who respond unreasonably, belatedly, or in bad faith to legitimate discovery requests.

Nevertheless, the Court has no intention of ordering the amount requested by Plaintiffs. The supporting documentation fails to inform the Court what fees would not have been incurred but/for Defendant's conduct. Nor is the Court interested in further pleadings on this issue, which would transform this request for attorneys fees into a second major litigation.[1] Accordingly, the Court orders Defendant to pay $10,000 in attorney fees to Plaintiffs, to be split equally by FNBO and its counsel, Mr. Baxter. In reaching the figure, the Court considers the amount necessary for deterrence and punishment, not reimbursement of Plaintiffs' expenses. See Red Carpet, 465 F.3d at 647 (rejecting the argument that sanctions are to render a party whole, and observing "that sanctions imposed under § 1927 or pursuant to a court's inherent authority are punitive") (citations omitted).

---

[1]The Court notes that Defendant's counsel's assertion that he did not have the opportunity to be heard and Plaintiff's offer to submit supplemental pleadings reflect the parties' propensity to expand litigation beyond the underlying merits of this case. Defendant, and its counsel presented their positions at a hearing before the Magistrate Judge at the time the decision to award sanctions was made. At that same hearing, Plaintiff was instructed as to how to proceed in this matter.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion is **GRANTED in part**. The Court awards them $10,000 in attorney fees to be apportioned equally between FNBO and Mr. Baxter.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: April 20, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager