UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

HAROLD GAMBY,
BERYLLIN GAMBY
      Plaintiffs

 -vs-                       Case No. 06-11020
                                   Hon. Marianne O. Battani
                                   Magistrate Judge: Mona K. Mazjoub

FIRST NATIONAL BANK OF OMAHA,

    Defendant

# **Proposed Jury Instructions**

STIPULATED INSTRUCTION NO. 1

(Juror Attentiveness)


Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

STIPULATE JURY INSTRUCTION NO. 2
(Role of the Court)

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over this trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be– it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

STIPULATED JURY INSTRUCTION NO. 3

(Role of the Jury)

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as juror.  In order for you to determine the facts, you must rely upon your ow recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said-or what I may say in these instructions-about a fact or issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentleman, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 4
(Juror Oath)


In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  If at any point during the deliberations, any juror among you refuses to follow the law as I have given it you, you should remind that juror of your oath and work to follow the law as I have given it to you in these instructions. If there is any confusion or disagreement about these instructions, or if a juror refuses to follow these instructions, you should notify me by sending a note through the Bailiff.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4
(Juror Oath)


In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

STIPULATED JURY INSTRUCTION NO. 5
(Sympathy)


Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

STIPULATED JURY INSTRUCTION NO. 6

(Corporate Parties)

In this case, the Defendant is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 7
(Burden of Proof)


This is a civil case and as such the Plaintiffs have the burden of proving damages Defendant's willfulness, and the amount of a civil penalty, by a preponderance of the evidence.

As to each question presented to you on the verdict form, if after considering all of the testimony you are satisfied that the Plaintiffs have carried their burden on each essential point as to which they have the burden of proof, then you must find for the Plaintiffs on their claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the Plaintiffs have failed to sustain their burden and you must find for the Defendant.      If upon consideration of all the facts on the issue of the Plaintiffs' claims against the Defendant you find that the Plaintiffs have failed to sustain the burden cast upon it, then you should find for the defendant on that question on the verdict form.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7
(Burden of Proof)


This is a civil case and as such the Plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the Plaintiffs have carried their burden on each essential point as to which they have the burden of proof, then you must find for the Plaintiffs on their claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the Plaintiffs have failed to sustain their burden and you must find for the Defendant.

If upon consideration of all the facts on the issue of the Plaintiffs' claims against the Defendant you find that the Plaintiffs have failed to sustain the burden cast upon it, then you should proceed no further and your verdict must be for the Defendant.  If, however, you find that the Plaintiffs have sustained the burden on this issue, then you should proceed to consider the issue of mitigation of damages.  In this regard, the burden is upon the Defendant to establish the affirmative defense of mitigation of damages by a preponderance of evidence.

If you determine that the Defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the Defendant. If, however, you find that the Plaintiffs have established the essential elements of their case and that the Defendant has not sustained its burden of the affirmative defense, then you should proceed to consider the issue of damages.

-10-

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 8

(Burden of Proof and Preponderance)


The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against that person on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether an issue has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties that it is equally probable that one side is right as it is the that the other side is right then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof that what the party claims is more likely true that not true then that element will have been proved by a preponderance of the evidence.

In this case, you have only three questions of fact to determine: First the amount of damages suffered by the Gambys. Second, whether FNBO acted willfully when it violated the Michigan Collection Practices Act. Third, in the amount of a civil fine against FNBO. You should use the preponderance of the evidence standard to determine each of these issues.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8
### (Burden of Proof - Preponderance of the Evidence)

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties-that it is equally probable that one side is right as it is the that the other side is right-then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence-he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof-that what the party claims is more likely true that not true-then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

-12-

STIPULATED JURY INSTRUCTION NO. 9

(What Is and Is Not Evidence)

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

-13-

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

STIPULATED JURY INSTRUCTION NO. 10

(Direct and Circumstantial Evidence)


There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

-15-

STIPULATED JURY INSTRUCTION NO. 11
(Inference Defined)

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of interferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-but not required to draw-from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

(Inference From Party's Assertion of Privilege Against Self-Incrimination)

You may have heard a witness decline to answer certain questions on the grounds of his or her Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them.  However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the witness.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

STIPULATED JURY INSTRUCTION NO. 13

(Party's Failure to Produce Evidence)

You may have heard testimony about evidence which has not been produced. Counsel for Plaintiffs or Defendant has argued that this evidence was in Defendant's or Plaintiffs' control respectively and would have proven facts material to the matter in controversy.

If you find that the Plaintiffs or Defendant could have produced the evidence, and that the evidence was within their control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the Plaintiffs or Defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the Plaintiffs or Defendant had a reason for not producing this evidence, which was explained to your satisfaction.  Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

-18-

STIPULATED JURY INSTRUCTION NO. 14
(Deposition Testimony)


The deposition testimony of _____ will be read to you by the parties. A deposition is the recorded, sworn answers to the questions asked of a witness in advance of the trial.  When a party has been deposed prior to trial, that party's testimony may be presented in deposition form during trial.  Some time before this trial, attorneys representing the parties in this case questioned the witnesses under oath.  A court reporter was present and recorded the testimony.  The deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if witnesses had testified from the witness stand in court.

STIPULATED JURY INSTRUCTION NO. 15
(Witness Credibility)


You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor-that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the

case.  Always remember that you should use your common sense, your good judgment and your own life experience.

STIPULATED JURY INSTRUCTION NO. 16

(Impeachment by Prior Inconsistent Statements)

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

-22-

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

(Responsibility for the Debt and Police Report)


You have heard testimony about a debt and FNBO's efforts to collect that debt. Before this trial began, the Court decided that issue and concluded that there was no legal basis for First Nation Bank of Omaha to hold the Gambys responsible for that account. As you consider the amount of damages to award and whether First National Bank of Omaha acted willfully, you must accept that the Gambys had no responsibility for the charges to the card that First National Bank of Omaha sent to their adult son.

Throughout this case, you have heard testimony and seen documents that FNBO required the Gambys to file police reports about the credit card that FNBO sent to their son. Nothing in the law required the Gambys to file a police report about the events concerning the credit card.

Instead, when a suspects that it has been the subject of a series of criminal frauds valued at more than $5,000 and knows the identity of the suspect thief, the Bank is required by federal law to file a Suspicious Activity Report with federal officials.[1]

---

[1]12 CFR 21.11

-23-

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18

(Michigan Collection Practices Act Claim and Plaintiffs' Theory)

Mr. and Mrs. Gamby claim that First National Bank of Omaha violated the Michigan Collection Practices Act.

The Michigan Collection Practices Act regulates the manner in which creditors like First National Bank of Omaha may collect debts from consumers. The law prohibits First National Bank of Omaha from

1.      Communicating in a misleading or deceptive manner.

2.      Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

3.      Misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened; or the legal rights of the creditor or debtor.

In this case, the Gambys claimed that First National Bank of Omaha violated these provisions by lying about

•      Whether the Gambys owed the debt for the account.

•      The amount that the Gambys might owe to First National Bank of Omaha

•      First National Bank of Omaha's rights or those of the Gambys.

The Court has already determined that First National Bank of Omaha violated this law by communicating that the Gambys' were responsible for their charges on the credit card which FNBO sent to the Gambys' adult son.

You must accept these findings by the Court as correct in your deliberations. First National Bank of Omaha must pay damages to the Gambys for any harms or losses that arose as a result of those violations. The only issues for your consideration are the amount of damages suffered by the Gambys, whether First National Bank of Omaha's violation of this law was wilful, and the amount of a civil fine against the Bank.

-24-

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18
(Michigan Collection Practices Act Claim)


It has been determined that First National Bank of Omaha violated the Michigan Collection Practices Act by communicating to the Plaintiffs that the credit card debt was the Plaintiffs responsibility when it was established that the card was fraudulently used by the Plaintiffs' son.

As a result, you must determine if First National Bank of Omaha's violation was willful or not. If you determine that First National Bank of Omaha's violation was not willful, you must determine if the Plaintiffs suffered any damages as a result of First National Bank of Omaha's communications. If you determine that the Plaintiffs did not suffer any damages as a result of First National Bank of Omaha's actions, then you must award $50.00. If you determine that Plaintiffs did suffer damages as a result of First National Bank of Omaha's communications, then you must award the greater of the amount of damages or $50.00.

If you determine that First National Bank of Omaha's violation was willful, then you may award the greater of $150.00 or at least three times the amount of actual damages that the Plaintiffs have suffered, if any, but you are not required to do so.[2]

---

[2] M.C.L. § 445.257(1) & (2).

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 19

(Consider Damages Only If Necessary)


You should not infer that the Gambys are entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to determine the amount of any damages.  I am instructing you on damages only so that you will have guidance if you decide that the Gambys have been harmed or suffered a loss as a result of the violations of the Michigan Collection Practices Act by First National Bank of Omaha.  If the Gambys have not suffered any harm or loss, then your should award nothing.  The Gambys need only prove these harms or losses by a preponderance of evidence.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

(Consider Damages Only If Necessary)


You should not infer that the Plaintiffs are entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recover.  If the Plaintiffs have not suffered any damages then you must award statutory damages set by law.

PLAINTIFFS REQUESTED JURY INSTRUCTION NO. 20
(Compensatory Damages)

The purpose damages is to provide just and fair compensation for any harm or loss which resulted from First National Bank of Omaha's violation of the Gambys' rights. If you find that the Gambys have suffered any harm or loss, then you must determine the amount of damages to compensate them for any harm or loss proximately caused by the First National Bank of Omaha's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Gambys whole-that is, to compensate them for the harm or loss that they suffered.

I remind you that you may award compensatory damages only for harms or losses that a plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you determine must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative harms or loss, but only for those harms or losses that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the future. These harms or losses include humiliation, mental distress, frustration, embarrassment, humiliation, emotional distress, any sense of outrage, or indignity that they suffered as a result of First National Bank of Omaha's violation of the Gambys' rights.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20
(Compensatory Damages)

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendant's violation of Plaintiffs' rights.  If you find that the Plaintiffs have suffered any damages as I have explained them, then you must award the Plaintiffs sufficient damages to compensate them for any injury proximately caused by the Defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the Plaintiffs whole-that is, to compensate them for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

-29-

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

(Mitigation of Damages)

You are instructed that any person who claims damages as a result of any alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find that the Plaintiffs have suffered damages, the Plaintiffs may not recover for any item of damage they could have avoided through such reasonable effort. If the Plaintiffs unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny recovery for those damages which they would have avoided had they taken advantage of the opportunity.

Bear in mind that the question whether the Plaintiffs acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is Defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Plaintiffs' damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiffs' conduct was not reasonable.

-30-

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

(Damages, General Instructions - Evidence of Damages)

Damages may not be based on surmise or conjecture.[3]  No recovery may be based on guesswork or inference.  Damages must be proven by Plaintiffs and cannot be presumed.[4]  Any recovery must be supported by evidence of facts, circumstances, or data justifying the conclusion that the damages awarded are just and reasonable compensation for the injuries suffered.[5]  To sustain recovery for damages, there must be proof that furnishes a reasonable certainty of the existence of damages and their amount.[6]

---

[3]  [1] *Black v. Armstrong Robber Co.*, 865 F.2d 1267, 1267 (6th Cir. 1987); *John E. Green Plumbing & Heating Co., Inc., v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984).

[4]  [2] *Black*, 865 F.2d at 1267.

[5]  [3] *Data Gen. Corp. v. Scientific Information Mgmt.*, 745 F.2d 56 (6th Cir. 1984); *Advanced Accessory Sys., LLC v. Gibbs*, 71 Fed. Appx. 454, 461 (6th Cir. 2003).

[6]  [4] *Archer v. Macomb County Bank*, 856 F.2d 497, 499 (6 Cir. 1988); *Black*, 865 F.2d at 1267.

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23

(Willfulness Without Damages)

Even if you determine that the Gambys have not suffered any harm or loss, you must still determine whether First National Bank of Omaha acted wilfully when it violated the Michigan Collection Practices Act.  If you find that the Bank did violate the Michigan collection Practices Act wilfully, you must also determine the amount of a civil fine against First National Bank of Omaha.

STIPULATED JURY INSTRUCTION NO. 24

(Willfulness Claims)

Plaintiffs also claim that Defendant's violation of the Michigan Collection Practices Act was willful.  To succeed on this claim, Plaintiffs must also prove by a preponderance of evidence, either:

(a)     Defendant knowingly violated the Michigan Collection Practices Act, or

(b)     Defendant acted with reckless disregard of its obligations under the Michigan Collection Practices Act.  A company may be found to have acted in "reckless disregard" of the Michigan Collection Practices Act only if its conduct presented an unjustifiably high risk of violating the Michigan Collection Practices Act that was so obvious that the company should have known that its conduct violated the law.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25
(Knowingly)

To succeed on a claim that Defendant knowingly violated the Michigan Collection Practices Act, Plaintiffs must prove by a preponderance of evidence that Defendant violated the Michigan Collection Practices Act with knowledge that it was violating the Act and with the intent to do so.

STIPULATED JURY INSTRUCTION NO. 26

(Reckless Disregard)

Reckless conduct is conduct involving an unjustifiably high risk of harm that is either known or so obvious that it should be known. To succeed on a claim that Defendant acted with reckless disregard of its obligations under the Michigan Collection Practices Act, Plaintiffs must prove by a preponderance of evidence that:

(a)     Defendant violated the Act by adopting an unreasonable reading of the Act's requirements, and

(b)     Defendant ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

Under this definition, you cannot find Defendant acted with reckless disregard of its obligations under the Michigan Collection Practices Act if, at the time Defendant acted, its conduct was based on an objectively reasonable interpretation of its obligations under the Act. A company may be found to have acted in "reckless disregard" of the Michigan Collection Practices Act only if its conduct presented an unjustifiably high risk of violating the Michigan Collection Practices Act that was so obvious that the company should have known that its conduct violated the law.

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 27

(Causation)


The Gambys must prove by a preponderance of evidence that any harms or losses that they claim came about as a result of First National Bank of Omaha's conduct.

To satisfy this burden, the Gambys must show there was a connection between First National Bank of Omaha's conduct and the harms and losses suffered by the Gambys.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28
(Causation)

To be entitled to an award of damages, Plaintiffs must prove by a preponderance of evidence that Defendant's conduct in violation of the Act caused them to suffer an injury. To satisfy this burden, Plaintiffs must show there was a connection between Defendant's conduct that Plaintiffs claim were a negligent or willful violation of the Michigan Collection Practices Act and an injury suffered by Plaintiffs.

STIPULATED JURY INSTRUCTION NO. 29

(Actual Damages)

If you find that Defendant violated the Michigan Collection Practices Act and that Plaintiffs suffered damages as a result, then you must also determine the amount of actual damages suffered by Plaintiffs.   Your duty is to determine the amount of money that reasonably, fairly, and adequately compensates the Plaintiffs for the damage that you decide resulted from Defendant's failure to comply with the Act.   These actual damages are of the same type I described to you earlier as compensatory damages.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30
(Additional Parties)

You have heard throughout this trial that Plaintiffs brought their lawsuit against multiple parties, including another credit card provider and several credit reporting agencies. You have also heard testimony and seen evidence regarding the Plaintiffs' son's involvement in this action. If you determine that Plaintiffs have suffered actual damages as a result of Defendant's violation of the Michigan Collection Practices Act, you must also consider whether any of these other parties are responsible for their damages.

You should not award compensatory damages more than once for the same injury. Plaintiffs are only entitled to be made whole again, not to recover more than they lost. Of course, if Plaintiffs suffered different injuries, then you must compensate them fully for all of the injuries.

Second, you must be careful to impose any damages that you may award on a claim solely upon the person who caused the damages. Although there may be multiple persons responsible for Plaintiffs' damages in this case, it does not follow that if one person is liable, all or any one of the others are liable as well. Each person is entitled to fair, separate and individual consideration without regard to your decision as to the other persons. If you find that only one person is responsible for a particular injury, then you must impose damages for that injury only upon that person. Nevertheless, you might find that more than one person is liable for a particular injury in which case you must apportion the amount of damages accordingly.

-39-

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 32
(Civil Fine)

If you find that FNBO acted willfully when it violated the Michigan Collection Practices Act, you must determine the amount of a civil fine against First National Bank of Omaha.  That civil fine must be at least 3 times the actual damages which you have found in this case.  There is no upper limit on the amount of that fine.

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 33
(Amount of Civil Fine)

If you find that FNBO acted willfully and begin deliberations to determine the amount of a civil fine against First National Bank of Omaha, you must not levy an unreasonable amount.  While the law would require you to find at least 3 times the actual damages and there is no upper limit on the amount of that fine, the civil find must be within a  reasonable relationship of the amount of the actual damages you find.

PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 34
(Inference from Missing Witness)


You heard at trial that First National Bank of Omaha has a Friendly Fraud Department, but it did not produce a witness to testify.  First National Bank of Omaha could have produced a witness to testify concerning the Friendly Fraud manual that has been admitted into evidence.


You may, but are not required to, assume that such a witness's  testimony would have been unfavorable to First National Bank of Omaha

# PLAINTIFFS' PROPOSED VERDICT FORM

### Jury Verdict Form

---

1.  What is the amount of the actual damages of any harms or losses suffered by the Gambys?

    Harold Gamby          $ _____

    Beryllin Gamby        $ _____


2.  Did First National Bank of Omaha willfully violate the Michigan Collection Practices Act?

    YES ☐          NO ☐


3.  If you answered yes to question #2, you must also determine the an amount of a civil fine which must be least 3 times the actual damages you found above.  But, if you answered no to question #2, your deliberations are complete.  What amount do you assess for a civil fine against First National Bank of Omaha?

    Harold Gamby          $ _____

    Beryllin Gamby        $ _____


Your deliberations are complete.  Thank you for your service.  Please have the foreperson sign this verdict form and notify the Bailiff that you have completed your work


Foreperson _____


Dated_____

# DEFENDANT'S PROPOSED VERDICT FORM

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

Beryllin GAMBY and
HAROLD GAMBY,

               Plaintiffs,

vs.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS
INC.; TRANS UNION, LLC;
FIRST NATIONAL BANK OF
OMAHA; GEMB/WALMART;
BOULDER CREDIT SERVICES,
INC.,

               Defendants.

Case No. 2:06-cv-11020

Hon. Marianne O. Battani
Magistrate Mona K. Majzoub

1.    Did First National Bank of Omaha willfully make an inaccurate, misleading, untrue, or  deceptive statement or claim in a communication to the Gambys to collect a debt or concealing or not revealing the purpose of a communication when it was made to the Gambys in connection with collecting a debt.

        Yes _____.

        No  _____.

    If you answered "Yes" to Question # 1, please go to Question # 3.  If you answered "No" to Question #1, please go to Question #2.

2.    If you find that First National Bank of Omaha's actions were not willful, then you shall  award the amount of actual damages that the Gambys suffered as a result of First National Bank of Omaha's actions, if any, or $50.00, whichever is greater.

        Harold O. Gamby _____.

Beryllin Gamby   _____.

3.     If you find that FNBO's actions were "willful", then you shall award the amount of
       actual damages that the Gambys have suffered, if any, or $50.00.  You may also
       award a civil fine of at least 3 times the amount of any actual damages that the
       Gambys have suffered, if any, or $150.00 whichever is greater."

       Actual Damages:
       Harold Gamby _____
       Beryllin Gamby _____

              or

       $50.00:

       Harold Gamby _____
       Berryllin Gamby _____

       And if find willfulness

       Amount of Civil Fine:
       Harold Gamby _____
       Beryllin Gamby _____

Your deliberations are complete.  Thank you for your service.  Please have the foreperson
sign this verdict form and notify the Bailiff that you have completed your work

Foreperson _____

Dated_____

-45-

# 7.    EVIDENTIARY ISSUES

a.    **Submit a statement of anticipated legal issues on which you believe the Court will need to rule during the course of the trial.**

### Plaintiffs' Issues

i.    Prior trial – As a result of the prior trial and the Court of Appeals decision, there are several issues which have already been determined as a matter of law.  While the Gambys believe that the jury must receive instructions on these matters, the Court should not allow the parties to refer to the prior trial or appeal.  Any reference to the prior trial or appeal is irrelevant to any issues to be presented to the jury, and could cause the jury to conclude that they should not award damages if a prior jury did not.  There is no conceivable benefit or permissible purpose for this information to go to the jury, and the chance for prejudice is high.  Consequently, the Court should prohibit such references.  In addition, the Court should advise counsel as to how it wishes them to address the matters which have already been determined when speaking before the jury.

ii.    Walmart account information – The Gambys have already filed a pretrial motion concerning this issue.  They believe that information concerning the Walmart account has no relevance in this case.  To the extent that the Court allow the evidence, it should not be allowed to use this evidence in a fashion contrary to the mandate of the Court of Appeals, and should issue a curative or limiting jury instruction to advise the jury of the permissible and impermissible uses of this information.

iii.    Fleet account statements –  The Fleet account statements have no relevance in this case because these statements were not consulted or obtained before the litigation and initiation of collection efforts.  Moreover, it appears that no witness will appear for FNBO to testify as to the relevance of these records in the collection activities of FNBO. Consequently, the Court should exclude these statements. To the extent that the Court allow the evidence, it should not be allowed to use this evidence in a fashion contrary to the mandate of the Court of Appeals, and should issue a curative or limiting jury instruction to advise the jury of the permissible and impermissible uses of this information.

iv.    Fleet Account and Conversion Notes – It appears that no witness will

-46-

appear for FNBO to testify as to the relevance of these records in the collection activities of FNBO or how they were used in the collection process. The records themselves constitute unauthenticated double hearsay and should be excluded. To the extent that the Court allow the evidence, it should not be allowed to use this evidence in a fashion contrary to the mandate of the Court of Appeals, and should issue a curative or limiting jury instruction to advise the jury of the permissible and impermissible uses of this information.

v.     Responsibility for the debt, at the last trial, the Court permitted the Defendant to argue that the Gambys were responsible for the debt by way of a scheme or fraud perpetrated on the Bank. Plaintiff has filed a motion *in limine* concerning these matters. The Court should not permit evidence or arguments suggesting that the Gambys owe – or should owe – money for this debt. Such arguments amount to requests for jury nullification.

vi.    FNBO has moved to strike any request for damages arising out of emotional distress based upon substantive Michigan law and the disclosures of the Plaintiffs. This motion is a restatement of two motions filed prior to the last trial and offers not rationale why the Court should alter its prior ruling denying the motion. The Court should deny the motion for the same reasons it denied those motions prior to the last trial.

vii.   FNBO may offer evidence that the Gambys should have filed a police report. The court resolved this issue prior to the last trial and granted a motion to preclude such evidence or argument, and to issue a curative instruction. The Court should reaffirm this position.